UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
BC MEDIA FUNDING COMPANY II and MEDIA :    **ECF CASE**
FUNDING COMPANY :
:    08-CV-06228 (RPP) (RLE)
:
                          Plaintiffs, :    **STATEMENT PURSUANT**
:    **TO LOCAL RULE 56.1**
:
          -against- :
:
FRANK LAZAUSKAS, MICHAEL L. METTER, :
LEONARD F. MOSCATI and B. MICHAEL PISANI, :
:
                    Defendants. :
:
-----------------------------------------------------------------------x

        Pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiffs BC Media Funding Company II, LLC ("BCMF") and Media Funding Company, LLC ("MFC") (collectively the "Plaintiffs") set forth the following statement of undisputed material facts in support of their motion for summary judgment:

        1.      On November 13, 2006, Plaintiffs entered into a Financing Agreement with BusinessTalkRadio.net ("BTR"). (Financing Agreement, Olson Aff., Ex. A (annexed to Gorycki Decl. as Ex. 2A)). Under the terms of the Financing Agreement, MFC, as lender, and BCMF as agent, agreed to extend term loans to BTR in the aggregate principal amount of $5.5 million. (Financing Agreement, at p. 1 & Article II).

        2.      The term loans were secured by a lien on all of BTR's assets in favor of BCMF. This lien was memorialized in a Security Agreement dated November 13, 2006. (Security Agreement, annexed as Ex. B to Olson Aff. (annexed to Gorycki Decl. as Ex. 2B)).

**The Individual Personal Guarantees**

        3.      As a condition precedent to MFC's extension of the term loans, Defendants Lazauskas, Metter, Moscati and Pisani (collectively "Defendants") each executed individual personal guarantees on November 13, 2006 (the "Individual Guarantees").  (Olson Aff., Exs. C-F (Annexed to Gorycki Decl. as Exs. 2C-F)).

        4.      These guarantees are unconditional.  (*Id*. Section 2).  So long as BTR is in default under the Financing Agreement, no action or notice is required to obligate Defendants to pay all of the outstanding indebtedness of BTR under the Financing Agreement.  (*Id.*).

        5.      Each of the Individual Guarantees provides that the Guarantor shall pay all amounts owed by BTR under the Financing Agreement "when due, no matter how the same shall become due."  (*Id.* Sections 1(a) and (c)).

**BusinessTalkRadio.net's  Defaults On The Term Loans**

        6.      As a result of several events of default that occurred under the Financing Agreement, BTR, BCMF and MFC entered into a Forbearance Agreement on December 28, 2007.  (Forbearance Agreement, Olson Aff., Ex. G (annexed to Gorycki Decl. as Ex. 2G)).

        7.      Pursuant to the Forbearance Agreement, BTR agreed and acknowledged that certain "Events of Default" existed under the Financing Agreement.  (*Id*. Recitals and Section 3.01).

        8.      BCMF and MFC agreed to forbear exercising their rights under the Financing Agreement for the existing Events of Default until March 31, 2008, and earlier upon occurrence of a default under the Forbearance Agreement.  The Forbearance Agreement expired on March 31, 2008.  (*Id.* Sections 1.02 and 3.01).

9. On May 6, 2008, BTR provided BCMF with an executed officer certificate for the month of March 2008, signed by Defendant Michael Metter, acknowledging the existence of facts constituting Events of Default under the Financing Agreement. (March Officer's Certificate, Ex. I to Olson Aff. (annexed to Gorycki Decl. as Ex. 2I)).

10. On May 14, 2008 BTR provided BCMF with an executed officer certificate for the month of April 2008, signed by Defendant Michael Metter, acknowledging the existence of facts constituting Events of Default under the Financing Agreement. (April Officer's Certificate, Ex. J to Olson Aff. (annexed to Gorycki Decl. Ex. 2J)).

**Amount Owed Under The Financing Agreement**

11. As a result of its borrowing under the Financing Agreement, as of June 2, 2008, BTR owed Plaintiffs an amount that is no less than $5,418,763.15. Because of the Events of Default which exist and have not been cured, that amount is immediately due and owing to Plaintiff's and must be paid by Defendants. (Affirmation of Timothy P. Olson, dated June 5, 2008 (annexed to Gorycki Decl. as Ex. 2)).

Dated: New York, New York
July 15, 2008

WINSTON & STRAWN LLP

By: /S/
Anthony DiSarro
Kara L. Gorycki
200 Park Avenue
New York, New York 10166
(212)294-6700
adisarro@winston.com
kgorycki@winston.com

*Attorneys for BC Media Funding Company II, LLC and Media Funding Company, LLC*

3

NY:1189990.1