UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BC MEDIA FUNDING COMPANY II and MEDIA   :   **ECF CASE**
FUNDING COMPANY,                        :   08-CV-06228 (RPP) (RLE)
                                        :
               Plaintiffs,             :
                                        :
            -against-                 :
                                        :
FRANK LAZAUSKAS, MICHAEL L. METTER,     :
LEONARD F. MOSCATI and B. MICHAEL PISANI, :
               Defendants.             :
                                        :
------------------------------------------------------------------------x


# SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**Anthony DiSarro**
**Kara Gorycki**
**Winston & Strawn LLP**
**200 Park Avenue**
**New York, New York 10166**
**(212)294-6700**
**adisarro@winston.com**
**kgorycki@winston.com**

**PRELIMINARY STATEMENT**

Plaintiffs BC Media Funding II, LLC and Media Funding Company, LLC (collectively, the "Plaintiffs"), respectfully submit this supplemental memorandum of law to address the removal by defendants Frank Lazauskas, Michael L. Metter, Leonard F. Moscati and B. Michael Pisani (collectively, the "Defendants") of this action to this Court.

**DEFENDANTS' REMOVAL HAS NO EFFECT ON THE VALIDITY OF PLAINTIFFS' CPLR 3213 MOTION**

Plaintiffs commenced this debt collection action in New York State Supreme Court, New York County, by filing a motion for summary judgment in lieu of complaint under CPLR 3213. Defendants' removal of this case has no effect on the validity of Plaintiffs' motion.

"It is well established that the district court 'takes the [removed] action in the posture in which it existed when it is removed from a state court's jurisdiction and must give effect to all action and procedures accomplished in a state court prior to removal.'" *Sun Forest Corp. v. Shvili*, 152 F. Supp. 2d 367, 387 (S.D.N.Y. 2001) (Lynch, J.) (quoting *Miller v. Steloff*, 686 F. Supp. 91, 93 (S.D.N.Y. 1988)). Accordingly, when an action is commenced in New York state court via a motion for summary judgment in lieu of a complaint, the federal district court to which the case is removed is required to evaluate the merits of the motion pursuant to CPLR 3213. *Id.*; s*ee Citizens Fidelity Bank & Trust Co. v. Nicolaci*, No. 89-Civ-4196, 1990 WL 71464, at *6 (S.D.N.Y. May 23, 1990) (reviewing arguments made in support of CPLR 3213 motion and granting summary judgment to plaintiff); *Miller*, 686 F. Supp. at 93 (same). Consequently, the Court should promptly decide Plaintiffs' motion in accordance with those procedures. *See Sterling Nat'l Bank & Trust Co. of New York v. Fidelity Mortgage Investors*, 510 F.2d 870, 874-75(2d Cir. 1975) (deciding CPLR 3213 motion upon removal and rejecting

argument that plaintiff needed to first file complaint); *Kansallis-Osake-Pankki v. Kouri*, 150 F.R.D.69, 71-73 (S.D.N.Y. 1993) (same); *Citizens Fidelity Bank*, 1990 WL 71464, at *1 (same).

## CONCLUSION

For the reasons set forth above, and in the moving papers filed in the New York State Supreme Court, New York County, this Court should grant summary judgment in favor of Plaintiffs.

Dated: New York, New York
July 15, 2008

WINSTON & STRAWN LLP

By:  /S/
 Anthony DiSarro
 Kara L. Gorycki
200 Park Avenue
New York, New York 10166
(212)294-6700
adisarro@winston.com
kgorycki@winston.com

*Attorneys for BC Media Funding Company II, LLC and Media Funding Company, LLC*

2

NY:1189955.2