UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BC Media Funding Company II ) <br> Media Funding Company ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> Frank Lazauskas, Michael L. Metter ) <br> Leonard Moscati and E. Michael Pisani ) <br> ) <br> Defendants ) | Civil Action No. 1:08-cv-6228 RPP |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Defendants hereby submit their Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment. Also submitted concurrently herewith is the Declaration of Michael Metter in Opposition to Plaintiff's Motion for Summary Judgment ("Metter Declaration").

### SUMMARY OF ARGUMENT

The Plaintiff would portray this action as a simple action to collect on guaranty agreements. As shown by the Metter Declaration, this action is anything but simple. The Metter Declaration establishes:

1. Material issues of fact exists as to whether the underlying loan is in default, as the Borrower is current on its payments;

2. There is a genuine issue of material fact as to whether the Plaintiff fraudulently induced the Defendants to enter into the Guaranty Agreements, based upon knowing misrepresentations made by the Plaintiff prior to the closing of the loan.

3.  As the Plaintiff intentionally drafted financial covenants in the loan documents to cause the borrower to be in default immediately upon the closing of the loan, genuine issues of material fact exist as to whether such provisions are enforceable, and whether the Plaintiff is estopped from enforcing such provisions.

4.  As the Plaintiff threatened the borrower with default unless the borrower engaged in additional borrowings from the Plaintiff, at exorbitant rates, a genuine issue of material fact exists as to whether the Plaintiff has acted in bad faith, or otherwise breached its duty of good faith and fair dealing.

## ARGUMENT

The standard to be applied in ruling on a motion for summary judgment is thoroughly set forth in Rodriguez v. City of New York, 72 F.3d 1051, 1060-61 (2nd Cir. 1995), as follows: "The pertinent principles governing the role of the court on a motion for summary judgment are well established. The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law.  See, e.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The duty of the court is to determine whether there are issues to be tried; in making that determination, the court is to draw all factual inferences in favor of the party against whom summary judgment is sought, viewing the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the party opposing the motion. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam); Balderman v. United States Veterans Administration, 870 F.2d 57, 60 (2d Cir.1989); Ramseur v. Chase Manhattan Bank, 865 F.2d 460, 465 (2d Cir.1989). If, as to the

issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper. See, e.g., Brady v. Town of Colchester, 863 F.2d 205, 210-11 (2d Cir.1988). On a summary judgment motion, the court is not to weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. at 255, 106 S.Ct. at 2513; United States v. Rem, 38 F.3d 634, 644 (2d Cir.1994); Donahue v. Windsor Locks Board of Fire Commissioners, 834 F.2d 54, 58 (2d Cir.1987); Gallo v. Prudential Residential Services, Limited Partnership, 22 F.3d 1219, 1223-24 (2d Cir.1994). The drawing of inferences and the assessment of the credibility of the witnesses remain within the province of the finders of fact."

**A.    This is Not a Proper Case for Summary Judgment in Lieu of Complaint.**

CPLR §3213 provides, in relevant part: "When an action is based upon an instrument for the payment of money only ... the Plaintiff may serve with the summons a notice of Motion for Summary Judgment and the supporting papers in lieu of a complaint."

In this case, the alleged default is based on the breach of complex financial covenants contained in the underlying financing agreement. This action is not based on a simple payment default. In Dubovsky & Sons, Inc. v. Schwartz, 75 A.D.2d 802, 427 N.Y.S.2d 503 (N.Y. App. Div. 1980), the court held that where, in an action against a guarantor, additional proof of a non-payment default on the underlying instrument will be needed, then relief pursuant to CPLR §3213 must be denied. The underlying indebtedness in this case is not evidenced by a promissory note or other "instrument" as defined by Section 3-104 of the Uniform Commercial Code. Instead, the underlying obligation is evidenced by a Financing Agreement which, excluding signatures, is 85 pages long and contains numerous substantial non-monetary

3

performance obligations. For example, the Financing Agreement contains four and one-half pages of financial reporting requirements at Section 6.01(i) through (xxi). It requires the borrower to keep records and books of account, maintain its properties in good condition, maintain insurance, obtain permits, provide notice of the movement of collateral, obtain landlord waivers and collateral access agreements, obtain subordination agreements and renew licenses. (See Financing Agreement at Section 6.01.)

The guaranty agreements that are the subject of this action require the guarantors to do substantially more than pay money. In particular, under Section 1(b) of the Guaranty, the Defendants are obligated for the "*complete and full performance*, when due, and no matter how the same shall become due, of <u>all secured obligations and undertakings</u> of borrower and each other loan party to the lender under, by reason of, or pursuant to any of the Obligation Documents or any other instrument or document." [Emphasis added.] The Guaranty, by its terms, requires non-monetary performance by the Defendants and is therefore not "an instrument for the payment of money only" within the meaning of CPLR §3213. See e.g. <u>Times Square Associates v. Grayson</u>, 39 A.D.2d 845, 333 N.Y.S.2d 155 (N.Y. App. Div. 1972); <u>New York Conference Association of Seventh Day Adventists of Syracuse v. 915 James Street Associates, Ltd.</u>, 63 Misc. 2nd 38, 310 N.Y.S.2nd 742 (N.Y. Sup. 1970).

**B.** **<u>The Metter Declaration Establishes Genuine Issues of Material Fact.</u>**

There is a genuine issue of material fact as to whether the Company is in payment default. The Metter Declaration, at paragraph 6, states that the Company is now and has at all times been current on payments. Exhibit A to the Metter Declaration shows a history of such timely payments.

There is a genuine issue of material fact as to whether the Company is in default of its financial covenants under the Financing Agreement. The financial covenants were incorrect and the Plaintiff was informed of this fact prior to closing. (Metter Declaration, ¶29). The Plaintiff acknowledged that the covenants were incorrect and promised to change them immediately after the closing (Metter Declaration, ¶31). In addition, the Plaintiff had conducted extensive due diligence and had received voluminous financial information regarding the Company's operations and financial performance (Metter Declaration, ¶¶15-27). The Plaintiff knew before and at the closing that, unless the financial covenants were changed to reflect the Company's financial records, that the financial covenants would be incorrect, and the Company would be in non-compliance of such covenants, immediately upon signing the documents. (Metter Declaration ¶¶30-31).

A genuine issue of material fact exists as to whether the Plaintiff fulfilled its promise, made at closing, to correct the faulty financial covenants (Metter Declaration ¶35).

There is a genuine issue of material fact as to whether the Plaintiff fraudulently induced the Defendants to enter into the guaranty agreements by intentionally misrepresenting that the Plaintiff would modify the financial covenants post-closing (Metter Declaration ¶¶31, 32, 36 and 41).

There is a genuine issue of material fact as to whether the Plaintiff acted in bad faith in declaring a default. The Plaintiff knew the Company would not be in compliance with the covenants as written from the instant it closed the loan. Although the Plaintiff promised to correct the financial covenants, the Plaintiff instead threatened to default the Company and shut the Company down unless the Company complied with the Plaintiff's demands to borrow additional money at exorbitant rates, to hire a CPA, and to pay substantially higher interest

(Metter Declaration ¶¶35, 36, 37, 39, 41 and 42). These facts would additionally support defenses of waiver, estoppel, latches and unclean hands.

There is a genuine issue of material fact as to whether the Plaintiff waived the default by accepting all of the Company's payments (Metter Declaration ¶6).

There is a genuine issue of material fact as to whether the so-called Forbearance Agreement is valid and enforceable. The Company entered into the Forbearance Agreement under duress (Metter Declaration ¶36(b)).

There is a genuine issue of material fact as to whether the Defendants are bound by the Forbearance Agreement, on the grounds that the Defendants did not sign it (Olson Affidavit, Exhibit G).

There is a genuine issue of material fact as to whether the Plaintiff admitted in writing that the Company was not in default (Metter Declaration ¶¶41(c) and 41(d)).

There is a genuine issue of material fact as to whether the Plaintiff established the amount of its debt. The Olson Affidavit states only that debt is "no less than $5,418,763.15." There is no itemization or backup.

## **CONCLUSION**

Based on the Metter Declaration, and the Exhibits thereto, there are genuine issues of material fact which preclude the entry of summary judgment in favor of the Plaintiff. The Defendants respectfully request that this court deny the motion for summary judgment, order the Plaintiff to file a complaint and order that pleadings proceed pursuant to Federal Rule of Civil Procedure 7.

                                    THE DEFENDANTS


Dated: August 6, 2008                By     ./s/ Scott D. Rosen
                                        Scott D. Rosen (SR1545)
                                        Cohn Birnbaum & Shea PC
                                        100 Pearl Street – 12th Floor
                                        Hartford, CT 06103
                                        Telephone: (860) 493-2200
                                        Facsimile: (860) 727-0361
                                        srosen@cb-shea.com
                                        Their attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2008 a copy of the foregoing Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                            /s/ Scott D. Rosen
                                            Scott D. Rosen

143328