UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BC Media Funding Company II )<br>Media Funding Company        )<br>                              )<br>   Plaintiffs                )<br>                              )<br>v.                            )<br>                              )<br>Frank Lazauskas, Michael L. Metter )<br>Leonard Moscati and E. Michael Pisani )<br>                              )<br>   Defendants                 ) | Civil Action No. 1:08-cv-6228 RPP |

## DEFENDANTS' LOCAL CIVIL RULE 56.1 STATEMENT OF MATERIAL FACTS

The Defendants hereby submit their Local Civil Rule 56.1 Statement of Material Facts on Motion for Summary Judgment.

A.  **Response to Plaintiff's Rule 56.1 Statement**

   1.   Admit.

   2.   Admit.

   3.   Admit.

   4.   Defendants state that the document speaks for itself.

   5.   Defendants state that the document speaks for itself.

   6.   Admit that BTR entered into the Forbearance Agreement. Deny the existence of defaults and deny the validity and legal effect of such agreement.

   7.   Admit that BTR entered into the Forbearance Agreement. Deny the existence of defaults and deny the validity and legal effect of such agreement.

   8.   Admit that BTR entered into the Forbearance Agreement. Deny the existence of defaults and deny the validity and legal effect of such agreement.

9. Admit that BTR provided the certificates. Deny that the certificates evidence events of default under the Financing Agreement.

10. Admit that BTR provided the certificates. Deny that the certificates evidence events of default under the Financing Agreement.

11. Deny. BTR is current on its obligations under the Financing Agreement and has paid all amounts due thereunder.

**B.    Additional Material Facts as to Which There Exists a Genuine Issue to be Tried.**

1. The Company is not in default under the Financing Agreement. The Company is current on its payments. The financial covenants alleged by the Plaintiff to be in default are unenforceable (Metter Declaration ¶6, 16-37, 39-41).

2. The Plaintiff intentionally crafted the Financing Agreement so that the Company would be in non-compliance with the financial covenants immediately after the closing (Metter Declaration ¶¶29-35).

3. The Plaintiff fraudulently induced the Company to enter into the Financing Agreement and the Defendants to enter into their guaranty agreements (Metter Declaration at ¶¶28-42).

4. The Plaintiff exercised undue influence over the Company in obtaining the Forbearance Agreement, and the Company entered into the Forbearance Agreement under duress (Metter Declaration ¶36).

5. The Defendants are not parties to the Forbearance Agreement and therefore are not bound by it (Olson Affidavit, Exhibit G).

6. The Plaintiff knew the Company was not in default, but continued to assert the existence of a default and threatened to shut the Company down in an effort to force the

Company to borrow more money from the Plaintiff at exorbitant rates and in an effort to increase the interest rate under the Financing Agreement (Metter Declaration, ¶36(b)).

7.  The Plaintiff admitted in writing, in a private placement memorandum subject to state and federal securities laws, that the Company was not in default under the Financing Agreement (Metter Declaration ¶41(c) and (d)).

8.  The Plaintiff failed to establish the outstanding balance under the Financing Agreement with the necessary degree of detail and certainty (Olson Affidavit ¶¶7 and 16).

THE DEFENDANTS

Dated: August 6, 2008          By     ./s/ Scott D. Rosen
                                                Scott D. Rosen (SR1545)
                                                Cohn Birnbaum & Shea PC
                                                100 Pearl Street – 12th Floor
                                                Hartford, CT  06103
                                                Telephone:  (860) 493-2200
                                                Facsimile:  (860) 727-0361
                                                srosen@cb-shea.com
                                                Their attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2008 a copy of the foregoing Defendants' Local Civil Rule 56.1 Statement of Material Facts was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Scott D. Rosen
Scott D. Rosen

143325