UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

BC MEDIA FUNDING COMPANY II and MEDIA            :      **ECF CASE**
FUNDING COMPANY,                                  :      08-CV-06228 (RPP) (RLE)
                                                  :
                   Plaintiffs,                    :
                                                  :
         -against-                                :      **REPLY**
                                                  :      **DECLARATION OF**
FRANK LAZAUSKAS, MICHAEL L. METTER,               :      **DALE E. NORTON, III**
LEONARD F. MUSCATI and B. MICHAEL PISANI,         :
                                                  :
                   Defendants.                    :
                                                  :

------------------------------------------------------------------------x

   I, Dale E. Norton, III declare the following:

   1. I am the Chief Financial Officer ("CFO") of Barker Capital, LLC ("Barker Capital"), a New York limited liability company with its principal place of business located at 10 Rockefeller Plaza, New York, New York. Barker Capital and BC Media Funding Company II ("BCMF"), a limited liability company with its principal place of business located at 10 Rockefeller Plaza, New York, New York are under common control. I have been authorized by BCMF to submit this declaration in further support of the motion for summary judgment made by plaintiffs BCMF and Media Funding Company ("MFC" and, together with BCMF, "Plaintiffs"). All of the facts stated herein are based on my personal knowledge.

   2. I have been CFO of Barker Capital for two years. As CFO for Barker Capital, I am responsible for addressing many of the day-to-day issues that arise with respect to loans extended by Barker Capital and BCMF to various borrowers. I am responsible for the administration of the term loans that were extended to BusinessTalkRadio.net, Inc. ("BTR") as of November 13, 2006 (the "BTR Loans"). I was also actively involved in the closing of the BTR Loans.

3.     In connection with the BTR Loans, it was my responsibility to coordinate and supervise our outside accountant, Jim Weeks, in conducting a due diligence review of BTR. It was also my responsibility to prepare the financial covenants contained in the Financing Agreement for the BTR Loans (the "Financing Agreement"). (Financing Agreement, Section 6.03, Ex. A to Affidavit of Timothy P. Olson, sworn to on June 5, 2008).

**Calculation Of The Financial Covenants**

4.     The financial covenants included in the Financing Agreement were based on BTR's own projections of the EBITDA and revenue estimates for the term of the loan, which Mr. Metter represented to Plaintiffs were "very conservative but extremely accurate." (Annexed hereto as Ex. A is a true and correct copy of an email from M. Metter enclosing projections). Mr. Metter sent us these projections via email on October 16, 2006. (*Id.*). These projections were forwarded to me by Jacob Barker, Managing Partner of Barker Capital, so that I could draft the financial covenants contained in the Financing Agreement. (*Id.*).

5.     In calculating the financial covenants contained in the Financing Agreement, I followed Barker Capital's standard business practice of starting with a borrower's projected revenue and EBITDA for the term of the loan and then reducing such projections (with such reductions generally ranging from 5% to 15%), based upon various judgments made by Barker Capital. This practice is favorable to the borrower as it provides a cushion in case the borrower's original projections are not met during the loan term. Only when the borrower materially underperforms vis-à-vis its projections will there likely be a financial covenant default.

6.     In order to be accommodating to BTR and give it sufficient latitude with respect to its projections, its projected revenue was reduced by 10%, and its projected EBITDA was reduced by 15%, for each quarter of the loan term. (Annexed hereto as Ex. B are true and correct

2

copies of the BTR covenant worksheets). Based upon this calculation, I drafted the financial covenants included in the Financing Agreement at Section 6.03, including Cash on Hand (Section 6.03(a)), the Minimum Fixed Charge Coverage Ratio (Section 6.03(b)), the Consolidated EBITDA (Section 6.03(c)) and the Net Revenue (Section 6.03(d)).

7.      The only way that the financial covenants contained in the Financing Agreement could have been "incorrect" is if Mr. Metter provided us with inaccurate projections. However, as I noted above, he certified that the projections provided to us were not only conservative but extremely accurate. I have communicated with Mr. Metter on numerous occasions during the course of this loan and at no time did he indicate to me that the financial covenants were based on inaccurate projections. Indeed, I was unaware that Mr. Metter had any problem with the accuracy of these financial covenants until I read his declaration in this action.

## Mr. Metter's Allegations Concerning Financial Covenants

8.      Mr. Metter alleges in his declaration that he received the Financing Agreement "immediately" before closing and implies that neither he nor his consultants reviewed them prior to signing. (Metter Decl. ¶ 28). This is incorrect. Mr. Metter's counsel, Mr. Oberdorf of Seiden Wayne LLC, was sent a draft of the Financing Agreement on November 9, 2006; four days before the closing of the BTR Loans. (Annexed hereto as Ex. C is a true and correct copy of an email forwarding draft to BTR's counsel). The financial covenants were part of this draft. To my knowledge, neither I nor BCMF's counsel received any comments regarding the propriety of the financial covenants from November 9, 2006 until the November 13, 2006 closing date. During this time period, the financial covenants remained unchanged.

9.      As the Barker Capital representative responsible for the monitoring of the BTR Loans, I was never contacted by representatives of BTR in regard to revising or amending the

financial covenants. At no time prior to this litigation has Mr. Metter informed me that the Financing Agreement contained incorrect financial covenants. Simultaneously with the closing of the Financing Agreement, the parties entered into a Post-Closing Agreement. (Annexed hereto as Ex. D is a true and correct copy of the Post-Closing Agreement). Mr. Metter's counsel provided comments to the Post-Closing Agreement on at least one occasion. (Annexed hereto as Ex. E is a true and correct copy of an email from Metter's counsel regarding comments to agreement). If there were any corrections to be made to the financial covenants they would have been adjusted at that time. In addition, the parties continued to discuss post-closing items up until early 2007. (Annexed hereto as Ex. F are true and correct copies of email communications between the parties' counsel). To my knowledge, at no time did Mr. Metter, or his counsel, demand that the financial covenants be amended – nor did they insist that such amendment be included in the Post-Closing Agreement.

10.     Mr. Metter further alleges in his declaration that he was "threatened" into hiring a CPA or he would be called into default under the Financing Agreement. (Metter Declaration ¶ 36(b)). This is hyperbole. Mr. Metter fails to acknowledge that BTR was required to have financial reporting prepared in accordance with GAAP and did not have a CPA on staff at the time. (Section 6.01(a) of the Financing Agreement). Mr. Metter relied upon his business manager, Joy Marshall, for BTR's compliance with the Financing Agreement and ended up in default. It is my understanding that Ms. Marshall is not a CPA. For this reason, she could not assure that BTR's monthly financial reports were prepared in accordance with GAAP. Plaintiffs received no financial reporting from BTR for three months after the close of the BTR loans. (See Financing Agreement, Section 6.01(a)). Plaintiffs required Mr. Metter to hire a CPA to comply with the Financing Agreement – Plaintiffs were not "threatening" Mr. Metter, they were

4

exercising their rights under the agreement. Despite BTR's hiring of a CPA, it has continued to be in default on its financial reporting obligations. For example, although it is mid-August 2008, we have yet to receive audited financial statements for 2007, which is a violation of Section 6.01(a)(ii) of the Financing Agreement.

I hereby declare under the penalties of perjury that the foregoing is true and correct.

Executed on the 13th day of August, 2008.

DALE E. NORTON, III

5

**Dale Norton**

| | |
|---|---|
| **From:** | Jacob J. Barker |
| **Sent:** | Monday, October 16, 2006 12:50 PM |
| **To:** | Dale Norton |
| **Subject:** | FW: forward projections |
| **Attachments:** | Untitled Attachment |

Please make this into a workable loan model. Sara might be able to help but you should have some precedent.

**From:** Greenwich4@aol.com [mailto:Greenwich4@aol.com]
**Sent:** Monday, October 16, 2006 1:31 PM
**To:** Jacob J. Barker
**Cc:** aturinas@stjohnlaw.com
**Subject:** forward projections

Jacob

Here are the projections that I worked up on the EBITA numbers that will coincide with the loan.
I believe that they are very conservative but extremely accurate
NOV /DEC 2006 will be to you shortly.

Best

Michael

**Dale Norton**

| | |
|---|---|
| **From:** | Bill Fleming [wlfleming@comcast.net] |
| **Sent:** | Sunday, October 15, 2006 2:04 PM |
| **To:** | Mike Metter,pers., Metter, Michael |
| **Attachments:** | BTR-2009Budget.xls; BTR-2007Budget.xls; BTR-2008Budget.xls |

I spent a few hours today tweaking these so they flow a bit better. Overall they look pretty conservative.
Please review & we'll talk tomorrow.


    Regards,

Bill Fleming
William Fleming & Associates
176 N. Beacon St.
Hartford, CT. 06105

(p) 860.236.4453
(c) 860.573.0479

wlfleming@comcast.net

| BUSINESS TALK RADIO - BARKER 2007 BUDGET | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BUSINESS TALKRADIO.NET | | | | | | | | | | | | |
| | January | February | March | April | May | June | July | August | September | October | November | December | Totals |
| Revenue - Global | 62,700 | 69,300 | 66,000 | 82,500 | 75,900 | 72,600 | 69,300 | 66,000 | 75,900 | 79,200 | 95,700 | 89,100 | 904,200 |
| Revenue - Prog. Sales | 121,600 | 134,400 | 128,000 | 160,000 | 147,200 | 140,800 | 134,400 | 128,000 | 147,200 | 153,600 | 185,600 | 172,800 | 1,753,600 |
| Revenue - Other | 5,700 | 6,300 | 6,000 | 7,500 | 6,900 | 6,600 | 6,300 | 6,000 | 6,900 | 7,200 | 8,700 | 8,100 | 82,200 |
| Cash Revenue | 190,000 | 210,000 | 200,000 | 250,000 | 230,000 | 220,000 | 210,000 | 200,000 | 230,000 | 240,000 | 290,000 | 270,000 | 2,740,000 |
| Commissions (15%) | 28,500 | 31,500 | 30,000 | 37,500 | 34,500 | 33,000 | 31,500 | 30,000 | 34,500 | 36,000 | 43,500 | 40,500 | 411,000 |
| Net Income | 161,500 | 178,500 | 170,000 | 212,500 | 195,500 | 187,000 | 178,500 | 170,000 | 195,500 | 204,000 | 246,500 | 229,500 | 2,329,000 |
| Mkt & Adv. Expense | 4,720 | 4,720 | 4,720 | 4,720 | 4,720 | 4,720 | 4,720 | 4,720 | 4,720 | 4,720 | 4,720 | 4,720 | 56,640 |
| Talent Expense | 47,200 | 47,200 | 47,200 | 47,200 | 47,200 | 47,200 | 47,200 | 47,200 | 47,200 | 47,200 | 47,200 | 47,200 | 566,400 |
| Sat & Util Expense | 23,600 | 23,600 | 23,600 | 23,600 | 23,600 | 23,600 | 23,600 | 23,600 | 23,600 | 23,600 | 23,600 | 23,600 | 283,200 |
| Affiliate Sales | 6,608 | 36,344 | 36,344 | 36,344 | 36,344 | 36,344 | 36,344 | 36,344 | 36,344 | 36,344 | 36,344 | 36,344 | 406,392 |
| Mgm't & Ops.Expense | 40,120 | 40,120 | 40,120 | 40,120 | 40,120 | 40,120 | 40,120 | 40,120 | 40,120 | 40,120 | 40,120 | 40,120 | 481,440 |
| TotalExpense | 118,000 | 118,000 | 118,000 | 118,000 | 118,000 | 118,000 | 118,000 | 118,000 | 118,000 | 118,000 | 118,000 | 118,000 | 1,416,000 |
| EBITDA | 43,500 | 60,500 | 52,000 | 94,500 | 77,500 | 69,000 | 60,500 | 52,000 | 77,500 | 86,000 | 128,500 | 111,500 | 913,000 |

D-1

| | January | February | March | April | May | June | July | August | September | October | November | December | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **BUSINESS TALK RADIO - BARKER 2008 BUDGET** | | | | | | | | | | | | | |
| **BUSINESS TALKRADIO.NET** | | | | | | | | | | | | | |
| Revenue - Global | 65,208 | 72,072 | 68,640 | 85,800 | 78,936 | 75,504 | 72,072 | 68,640 | 78,936 | 82,368 | 99,528 | 92,664 | 940,368 |
| Revenue - Prog. Sales | 126,464 | 139,776 | 133,120 | 166,400 | 153,088 | 146,432 | 139,776 | 133,120 | 153,088 | 159,744 | 193,024 | 179,712 | 1,823,744 |
| Revenue - Other | 5,928 | 6,552 | 6,240 | 7,800 | 7,176 | 6,864 | 6,552 | 6,240 | 7,176 | 7,488 | 9,048 | 8,424 | 85,488 |
| **Cash Revenue** | **197,600** | **218,400** | **208,000** | **260,000** | **239,200** | **228,800** | **218,400** | **208,000** | **239,200** | **249,600** | **301,600** | **280,800** | **2,849,600** |
| Commissions (15%) | 29,640 | 32,760 | 31,200 | 39,000 | 35,880 | 34,320 | 32,760 | 31,200 | 35,880 | 37,440 | 45,240 | 42,120 | 427,440 |
| **Net Income** | **167,960** | **185,640** | **176,800** | **221,000** | **203,320** | **194,480** | **185,640** | **176,800** | **203,320** | **212,160** | **256,360** | **238,680** | **2,422,160** |
| Mkt & Adv. Expense | 4,290 | 4,290 | 4,290 | 4,290 | 4,290 | 4,290 | 4,290 | 4,290 | 4,290 | 4,290 | 4,290 | 4,290 | 51,486 |
| Talent Expense | 47,672 | 47,672 | 47,672 | 47,672 | 47,672 | 47,672 | 47,672 | 47,672 | 47,672 | 47,672 | 47,672 | 47,672 | 572,064 |
| Sat & Util Expense | 23,836 | 23,836 | 23,836 | 23,836 | 23,836 | 23,836 | 23,836 | 23,836 | 23,836 | 23,836 | 23,836 | 23,836 | 286,032 |
| Affiliate Sales | 6,674 | 6,674 | 6,674 | 6,674 | 6,674 | 6,674 | 6,674 | 6,674 | 6,674 | 6,674 | 6,674 | 6,674 | 80,089 |
| Mgm't & Ops. Expense | 36,707 | 40,120 | 40,120 | 40,120 | 40,120 | 40,120 | 40,120 | 40,120 | 40,120 | 40,120 | 40,120 | 40,120 | 478,027 |
| Total Expense | 119,180 | 119,180 | 119,180 | 119,180 | 119,180 | 119,180 | 119,180 | 119,180 | 119,180 | 119,180 | 119,180 | 119,180 | 1,430,160 |
| **EBITDA** | **48,780** | **66,460** | **57,620** | **101,820** | **84,140** | **75,300** | **66,460** | **57,620** | **84,140** | **92,980** | **137,180** | **119,500** | **992,000** |

D-2

| | | | | | BUSINESS TALK RADIO - BARKER 2009 BUDGET | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | BUSINESS TALKRADIO.NET | | | | | | | |
| | January | February | March | April | May | June | July | August | September | October | November | December | Totals |
| Revenue - Global | 67,816 | 74,955 | 71,386 | 66,000 | 82,093 | 78,524 | 74,955 | 71,386 | 82,093 | 85,663 | 103,509 | 96,371 | 954,751 |
| Revenue - Prog.Sales | 131,523 | 145,367 | 138,445 | 128,000 | 159,212 | 152,289 | 145,367 | 138,445 | 159,212 | 166,134 | 200,745 | 186,900 | 1,851,638 |
| Revenue - Other | 6,165 | 6,814 | 6,490 | 6,000 | 7,463 | 7,139 | 6,814 | 6,490 | 7,463 | 7,788 | 9,410 | 8,761 | 86,796 |
| Cash Revenue | 205,504 | 227,136 | 216,320 | 200,000 | 248,768 | 237,952 | 227,136 | 216,320 | 248,768 | 259,584 | 313,664 | 292,032 | 2,893,184 |
| Commissions (15%) | 30,826 | 34,070 | 32,448 | 30,000 | 37,315 | 35,693 | 34,070 | 32,448 | 37,315 | 38,938 | 47,050 | 43,805 | 433,978 |
| Net Income | 174,678 | 193,066 | 183,872 | 170,000 | 211,453 | 202,259 | 193,066 | 183,872 | 211,453 | 220,646 | 266,614 | 248,227 | 2,459,206 |
| Mkt.& Adv. Expense | 4,333 | 4,333 | 4,333 | 4,333 | 4,333 | 4,333 | 4,333 | 4,333 | 4,333 | 4,333 | 4,333 | 4,333 | 52,001 |
| Talent Expense | 48,149 | 48,149 | 48,149 | 48,149 | 48,149 | 48,149 | 48,149 | 48,149 | 48,149 | 48,149 | 48,149 | 48,149 | 577,785 |
| Sat.& Util. Expense | 24,074 | 24,074 | 24,074 | 24,074 | 24,074 | 24,074 | 24,074 | 24,074 | 24,074 | 24,074 | 24,074 | 24,074 | 288,892 |
| Affiliate Sales | 6,741 | 6,741 | 6,741 | 6,741 | 6,741 | 6,741 | 6,741 | 6,741 | 6,741 | 6,741 | 6,741 | 6,741 | 80,890 |
| Mgm't & Ops.Expense | 37,075 | 37,075 | 37,075 | 37,075 | 37,075 | 37,075 | 37,075 | 37,075 | 37,075 | 37,075 | 37,075 | 37,075 | 444,894 |
| TotalExpense | 120,372 | 120,372 | 120,372 | 120,372 | 120,372 | 120,372 | 120,372 | 120,372 | 120,372 | 120,372 | 120,372 | 120,372 | 1,444,462 |
| EBITDA | 54,307 | 72,694 | 63,500 | 49,628 | 91,081 | 81,887 | 72,694 | 63,500 | 91,081 | 100,275 | 146,243 | 127,855 | 1,014,745 |

D-3

| | January | February | March | April | May | June | July | August | September | October | November | December | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **BUSINESS TALK RADIO - BARKER 2007 BUDGET** | | | | | | | | | | | | | |
| **STATION - WGCH** | | | | | | | | | | | | | |
| Revenue - Local | 24,000 | 24,000 | 23,000 | 34,000 | 36,000 | 26,000 | 24,000 | 22,000 | 36,000 | 51,000 | 45,000 | 42,000 | 387,000 |
| Revenue - Agency | 9,000 | 9,079 | 10,000 | 10,269 | 12,000 | 12,000 | 8,400 | 8,925 | 8,925 | 10,000 | 9,975 | 8,400 | 116,973 |
| Revenue - National | 3,439 | 3,659 | 2,426 | 3,255 | 315 | 840 | 2,625 | 3,150 | 3,150 | 3,675 | 3,675 | 2,100 | 32,309 |
| Revenue - Political | 0 | 0 | 0 | 0 | 0 | 0 | 2,310 | 2,310 | 2,310 | 8,400 | 0 | 0 | 15,330 |
| Revenue - Tower | | | | | | | | | | | | | |
| **Cash Revenue** | 36,439 | 36,739 | 35,426 | 47,524 | 48,315 | 38,840 | 37,335 | 36,385 | 50,385 | 73,075 | 58,650 | 52,500 | 551,612 |
| Commissions (15%) | 5,466 | 5,511 | 5,314 | 7,129 | 7,247 | 5,826 | 5,600 | 5,458 | 7,558 | 10,961 | 8,798 | 7,875 | 82,742 |
| **Net Income** | 30,973 | 31,228 | 30,112 | 40,395 | 41,068 | 33,014 | 31,735 | 30,927 | 42,827 | 62,114 | 49,853 | 44,625 | 468,870 |
| News Expense | 7,650 | 7,650 | 7,650 | 7,650 | 7,650 | 7,650 | 7,650 | 7,650 | 7,650 | 7,650 | 7,650 | 7,650 | 91,800 |
| Payroll Expense | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 19,094 |
| Program Expense | 2,448 | 2,448 | 2,448 | 2,448 | 2,448 | 2,448 | 2,448 | 2,448 | 2,448 | 2,448 | 2,448 | 2,448 | 29,376 |
| Technical Expense | 1,836 | 1,836 | 1,836 | 1,836 | 1,836 | 1,836 | 1,836 | 1,836 | 1,836 | 1,836 | 1,836 | 1,836 | 22,032 |
| Sales Expense | 7,497 | 7,497 | 7,497 | 7,497 | 7,497 | 7,497 | 7,497 | 7,497 | 7,497 | 7,497 | 7,497 | 7,497 | 89,964 |
| G & A Expense | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 114,934 |
| Total Expense | 30,600 | 30,600 | 30,600 | 30,600 | 30,600 | 30,600 | 30,600 | 30,600 | 30,600 | 30,600 | 30,600 | 30,600 | 367,200 |
| **EBITDA** | 373 | 628 | -488 | 9,795 | 10,468 | 2,414 | 1,135 | 327 | 12,227 | 31,514 | 19,253 | 14,025 | 101,670 |

D-4

| BUSINESS TALK RADIO - BARKER 2008 BUDGET | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| STATION - WGCH | | | | | | | | | | | | |
| | January | February | March | April | May | June | July | August | September | October | November | December | Totals |
| Revenue - Local | 25,012 | 25,218 | 24,316 | 32,620 | 33,163 | 26,660 | 25,627 | 24,975 | 34,584 | 50,159 | 40,257 | 36,036 | 378,627 |
| Revenue - Agency | 9,323 | 9,399 | 9,063 | 12,159 | 12,361 | 9,937 | 9,552 | 9,309 | 12,890 | 18,696 | 15,005 | 13,432 | 141,125 |
| Revenue - National | 3,562 | 3,592 | 3,463 | 4,646 | 4,723 | 3,797 | 3,650 | 3,557 | 4,926 | 7,144 | 5,734 | 5,132 | 53,926 |
| Revenue - Political | 0 | 0 | 0 | 0 | 0 | 0 | 2,310 | 2,310 | 2,310 | 8,400 | 0 | 0 | 15,330 |
| Revenue - Tower | | | | | | | | | | | | | |
| Cash Revenue | 37,897 | 38,209 | 36,843 | 49,425 | 50,248 | 40,394 | 38,828 | 37,840 | 52,400 | 75,998 | 60,996 | 54,600 | 573,678 |
| Commissions (15%) | 5,684 | 5,731 | 5,526 | 7,414 | 7,537 | 6,059 | 5,824 | 5,676 | 7,860 | 11,400 | 9,149 | 8,190 | 86,052 |
| Net Income | 32,212 | 32,477 | 31,317 | 42,011 | 42,710 | 34,335 | 33,004 | 32,164 | 44,540 | 64,598 | 51,847 | 46,410 | 487,626 |
| News Expense | 7,727 | 7,727 | 7,727 | 7,727 | 7,727 | 7,727 | 7,727 | 7,727 | 7,727 | 7,727 | 7,727 | 7,727 | 92,718 |
| Payroll Expense | 1,607 | 1,607 | 1,607 | 1,607 | 1,607 | 1,607 | 1,607 | 1,607 | 1,607 | 1,607 | 1,607 | 1,607 | 19,285 |
| Program Expense | 2,472 | 2,472 | 2,472 | 2,472 | 2,472 | 2,472 | 2,472 | 2,472 | 2,472 | 2,472 | 2,472 | 2,472 | 29,670 |
| Technical Expense | 1,854 | 1,854 | 1,854 | 1,854 | 1,854 | 1,854 | 1,854 | 1,854 | 1,854 | 1,854 | 1,854 | 1,854 | 22,252 |
| Sales Expense | 7,572 | 7,572 | 7,572 | 7,572 | 7,572 | 7,572 | 7,572 | 7,572 | 7,572 | 7,572 | 7,572 | 7,572 | 90,864 |
| G & A Expense | 9,674 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 114,934 |
| Total Expense | 30,906 | 30,906 | 30,906 | 30,906 | 30,906 | 30,906 | 30,906 | 30,906 | 30,906 | 30,906 | 30,906 | 30,906 | 370,872 |
| EBITDA | 1,306 | 1,571 | 411 | 11,105 | 11,804 | 3,429 | 2,098 | 1,258 | 13,634 | 33,692 | 20,941 | 15,504 | 116,754 |

D-5

| | January | February | March | April | May | June | July | August | September | October | November | December | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **BUSINESS TALK RADIO - BARKER 2009 BUDGET** | | | | | | | | | | | | | |
| **STATION - WGCH** | | | | | | | | | | | | | |
| Revenue - Local | 26,013 | 26,227 | 25,289 | 33,925 | 34,490 | 27,726 | 26,652 | 25,973 | 35,967 | 52,165 | 41,868 | 37,477 | 393,773 |
| Revenue - Agency | 9,696 | 9,775 | 9,426 | 12,645 | 12,855 | 10,334 | 9,934 | 9,681 | 13,406 | 19,443 | 15,605 | 13,969 | 146,770 |
| Revenue - National | 3,705 | 3,735 | 3,602 | 4,832 | 4,912 | 3,949 | 3,796 | 3,699 | 5,123 | 7,430 | 5,963 | 5,338 | 56,083 |
| Revenue - Political | 0 | 0 | 0 | 0 | 0 | 0 | 2,310 | 2,310 | 2,310 | 8,400 | 0 | 0 | 15,330 |
| Revenue - Tower | | | | | | | | | | | | | |
| **Cash Revenue** | **39,413** | **39,737** | **38,317** | **51,402** | **52,258** | **42,010** | **40,381** | **39,354** | **54,496** | **79,038** | **63,436** | **56,784** | **596,625** |
| Commissions (15%) | 5,912 | 5,961 | 5,748 | 7,710 | 7,839 | 6,301 | 6,057 | 5,903 | 8,174 | 11,856 | 9,515 | 8,518 | 89,494 |
| **Net Income** | **33,501** | **33,777** | **32,569** | **43,692** | **44,419** | **35,708** | **34,324** | **33,451** | **46,322** | **67,182** | **53,920** | **48,266** | **507,131** |
| News Expense | 7,804 | 7,650 | 7,650 | 7,650 | 7,650 | 7,650 | 7,650 | 7,650 | 7,650 | 7,650 | 7,650 | 7,650 | 91,954 |
| Payroll Expense | 1,623 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 19,126 |
| Program Expense | 2,497 | 2,448 | 2,448 | 2,448 | 2,448 | 2,448 | 2,448 | 2,448 | 2,448 | 2,448 | 2,448 | 2,448 | 29,425 |
| Technical Expense | 1,873 | 1,836 | 1,836 | 1,836 | 1,836 | 1,836 | 1,836 | 1,836 | 1,836 | 1,836 | 1,836 | 1,836 | 22,069 |
| Sales Expense | 7,648 | 7,497 | 7,497 | 7,497 | 7,497 | 7,497 | 7,497 | 7,497 | 7,497 | 7,497 | 7,497 | 7,497 | 90,115 |
| G & A Expense | 9,770 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 9,578 | 115,126 |
| Total Expense | 31,215 | 31,215 | 31,215 | 31,215 | 31,215 | 31,215 | 31,215 | 31,215 | 31,215 | 31,215 | 31,215 | 31,215 | 374,581 |
| **EBITDA** | **2,286** | **2,562** | **1,354** | **12,477** | **13,204** | **4,493** | **3,109** | **2,236** | **15,107** | **35,967** | **22,705** | **17,051** | **132,551** |

D-6

| | January | February | March | April | May | June | July | August | September | October | November | December | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **BUSINESS TALK RADIO - BARKER 2007 BUDGET** | | | | | | | | | | | | | |
| **STATION - WBET** | | | | | | | | | | | | | |
| Revenue - Local | 14,000 | 16,000 | 18,000 | 18,000 | 19,000 | 17,000 | 19,000 | 19,000 | 20,000 | 19,000 | 26,000 | 27,000 | 232,000 |
| Revenue - Agency | 3,720 | 3,720 | 4,140 | 26,140 | 26,140 | 27,140 | 28,140 | 29,500 | 29,500 | 28,500 | 30,333 | 30,340 | 267,313 |
| Revenue - National | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Revenue - Political | 0 | 0 | 0 | 8,000 | 8,000 | 8,000 | 8,500 | 8,500 | 8,500 | 8,500 | 9,000 | 9,000 | 76,000 |
| Revenue - Tower | | | | | | | | | | | | | |
| **Cash Revenue** | **17,720** | **19,720** | **22,140** | **52,140** | **53,140** | **52,140** | **55,640** | **57,000** | **58,000** | **56,000** | **65,333** | **66,340** | **575,313** |
| Commissions (15%) | 2,658 | 2,958 | 3,321 | 7,821 | 7,971 | 7,821 | 8,346 | 8,550 | 8,700 | 8,400 | 9,800 | 9,951 | 86,297 |
| **Net Income** | **15,062** | **16,762** | **18,819** | **44,319** | **45,169** | **44,319** | **47,294** | **48,450** | **49,300** | **47,600** | **55,533** | **56,389** | **489,016** |
| News Expense | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 78,000 |
| Payroll Expense | 1,352 | 1,352 | 1,352 | 1,352 | 1,352 | 1,352 | 1,352 | 1,352 | 1,352 | 1,352 | 1,352 | 1,352 | 16,224 |
| Program Expense | 2,080 | 2,080 | 2,080 | 2,080 | 2,080 | 2,080 | 2,080 | 2,080 | 2,080 | 2,080 | 2,080 | 2,080 | 24,960 |
| Technical Expense | 1,560 | 1,560 | 1,560 | 1,560 | 1,560 | 1,560 | 1,560 | 1,560 | 1,560 | 1,560 | 1,560 | 1,560 | 18,720 |
| Sales Expense | 6,370 | 6,370 | 6,370 | 6,370 | 6,370 | 6,370 | 6,370 | 6,370 | 6,370 | 6,370 | 6,370 | 6,370 | 76,440 |
| G & A Expense | 8,138 | 8,138 | 8,138 | 8,138 | 8,138 | 8,138 | 8,138 | 8,138 | 8,138 | 8,138 | 8,138 | 8,138 | 97,656 |
| Total Expense | 26,000 | 26,000 | 26,000 | 26,000 | 26,000 | 26,000 | 26,000 | 26,000 | 26,000 | 26,000 | 26,000 | 26,000 | 312,000 |
| **EBITDA** | **-10,938** | **-9,238** | **-7,181** | **18,319** | **19,169** | **18,319** | **21,294** | **22,450** | **23,300** | **21,600** | **29,533** | **30,389** | **177,016** |

D-7

| | January | February | March | April | May | June | July | August | September | October | November | December | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | BUSINESS TALK RADIO - BARKER 2008 BUDGET | | | | | | | | | |
| | | | | STATION - WBET | | | | | | | | | |
| Revenue - Local | 12,163 | 13,536 | 15,197 | 35,789 | 35,789 | 35,789 | 38,191 | 39,125 | 39,811 | 38,438 | 44,845 | 45,536 | 394,208 |
| Revenue - Agency | 6,266 | 6,973 | 7,829 | 18,437 | 18,437 | 18,437 | 19,674 | 20,155 | 20,509 | 19,802 | 23,102 | 23,458 | 203,077 |
| Revenue - National | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Revenue - Political | 0 | 0 | 0 | 8,000 | 8,000 | 8,000 | 8,500 | 8,500 | 8,500 | 8,500 | 9,000 | 9,000 | 76,000 |
| Revenue - Tower | | | | | | | | | | | | | |
| Cash Revenue | 18,429 | 20,509 | 23,026 | 54,226 | 54,226 | 54,226 | 57,866 | 59,280 | 60,320 | 58,240 | 67,946 | 68,994 | 597,286 |
| Commissions (15%) | 2,764 | 3,076 | 3,454 | 8,134 | 8,134 | 8,134 | 8,680 | 8,892 | 9,048 | 8,736 | 10,192 | 10,349 | 89,593 |
| Net Income | 15,664 | 17,432 | 19,572 | 46,092 | 46,092 | 46,092 | 49,186 | 50,388 | 51,272 | 49,504 | 57,754 | 58,645 | 507,693 |
| News Expense | 6,565 | 6,565 | 6,565 | 6,565 | 6,565 | 6,565 | 6,565 | 6,565 | 6,565 | 6,565 | 6,565 | 6,565 | 78,780 |
| Payroll Expense | 1,366 | 1,366 | 1,366 | 1,366 | 1,366 | 1,366 | 1,366 | 1,366 | 1,366 | 1,366 | 1,366 | 1,366 | 16,386 |
| Program Expense | 2,101 | 2,101 | 2,101 | 2,101 | 2,101 | 2,101 | 2,101 | 2,101 | 2,101 | 2,101 | 2,101 | 2,101 | 25,210 |
| Technical Expense | 1,576 | 1,576 | 1,576 | 1,576 | 1,576 | 1,576 | 1,576 | 1,576 | 1,576 | 1,576 | 1,576 | 1,576 | 18,907 |
| Sales Expense | 6,434 | 6,434 | 6,434 | 6,434 | 6,434 | 6,434 | 6,434 | 6,434 | 6,434 | 6,434 | 6,434 | 6,434 | 77,204 |
| G & A Expense | 8,219 | 8,219 | 8,219 | 8,219 | 8,219 | 8,219 | 8,219 | 8,219 | 8,219 | 8,219 | 8,219 | 8,219 | 98,633 |
| Total Expense | 26,260 | 26,260 | 26,260 | 26,260 | 26,260 | 26,260 | 26,260 | 26,260 | 26,260 | 26,260 | 26,260 | 26,260 | 315,120 |
| EBITDA | -10,596 | -8,828 | -6,688 | 19,832 | 19,832 | 19,832 | 22,926 | 24,128 | 25,012 | 23,244 | 31,494 | 32,385 | 192,573 |

D -8

| | BUSINESS TALK RADIO - BARKER 2009 BUDGET | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | STATION - WBET | | | | | | | | | | | |
| | January | February | March | April | May | June | July | August | September | October | November | December | Totals |
| Revenue - Local | 12,650 | 14,077 | 15,805 | 37,221 | 37,221 | 37,221 | 39,719 | 40,690 | 41,404 | 39,976 | 46,638 | 47,357 | 409,978 |
| Revenue - Agency | 6,516 | 7,252 | 8,142 | 19,174 | 19,174 | 19,174 | 20,461 | 20,961 | 21,329 | 20,594 | 24,026 | 24,396 | 211,201 |
| Revenue - National | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Revenue - Political | 0 | 0 | 0 | 8,000 | 8,000 | 8,000 | 8,500 | 8,500 | 8,500 | 8,500 | 9,000 | 9,000 | 76,000 |
| Revenue - Tower | | | | | | | | | | | | | |
| Cash Revenue | 19,166 | 21,329 | 23,947 | 56,395 | 56,395 | 56,395 | 60,181 | 61,651 | 62,733 | 60,570 | 70,664 | 71,754 | 621,180 |
| Commissions (15%) | 2,875 | 3,199 | 3,592 | 8,459 | 8,459 | 8,459 | 9,027 | 9,248 | 9,410 | 9,085 | 10,600 | 10,763 | 93,177 |
| Net Income | 16,291 | 18,130 | 20,355 | 47,936 | 47,936 | 47,936 | 51,154 | 52,404 | 53,323 | 51,484 | 60,064 | 60,991 | 528,003 |
| News Expense | 6,631 | 6,631 | 6,631 | 6,631 | 6,631 | 6,631 | 6,631 | 6,631 | 6,631 | 6,631 | 6,631 | 6,631 | 79,568 |
| Payroll Expense | 1,379 | 1,379 | 1,379 | 1,379 | 1,379 | 1,379 | 1,379 | 1,379 | 1,379 | 1,379 | 1,379 | 1,379 | 16,550 |
| Program Expense | 2,122 | 2,122 | 2,122 | 2,122 | 2,122 | 2,122 | 2,122 | 2,122 | 2,122 | 2,122 | 2,122 | 2,122 | 25,462 |
| Technical Expense | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 19,096 |
| Sales Expense | 6,498 | 6,498 | 6,498 | 6,498 | 6,498 | 6,498 | 6,498 | 6,498 | 6,498 | 6,498 | 6,498 | 6,498 | 77,976 |
| G & A Expense | 8,302 | 8,302 | 8,302 | 8,302 | 8,302 | 8,302 | 8,302 | 8,302 | 8,302 | 8,302 | 8,302 | 8,302 | 99,619 |
| Total Expense | 26,523 | 26,523 | 26,523 | 26,523 | 26,523 | 26,523 | 26,523 | 26,523 | 26,523 | 26,523 | 26,523 | 26,523 | 318,271 |
| EBITDA | -10,231 | -8,393 | -6,168 | 21,413 | 21,413 | 21,413 | 24,631 | 25,881 | 26,800 | 24,962 | 33,542 | 34,468 | 209,731 |

D-9

| | | January | February | March | April | May | June | July | August | September | October | November | December | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | BUSINESS TALK RADIO - BARKER 2007 BUDGET | | | | | | | | | |
| | | | | | STATION - KNUU | | | | | | | | | |
| Revenue - Local | | 73,000 | 84,000 | 76,000 | 40,000 | 70,000 | 70,000 | 85,000 | 85,000 | 92,000 | 106,000 | 108,000 | 108,000 | 997,000 |
| Revenue - Agency | | 6,720 | 6,720 | 7,140 | 29,140 | 29,140 | 31,240 | 31,240 | 32,500 | 32,500 | 31,500 | 33,340 | 33,340 | 304,520 |
| Revenue - National | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Revenue - Political | | 0 | 0 | 0 | 8,000 | 8,000 | 8,000 | 8,500 | 8,500 | 8,500 | 9,500 | 9,000 | 9,000 | 76,000 |
| Revenue - Tower | | | | | | | | | | | | | | |
| Cash Revenue | | 79,720 | 90,720 | 83,140 | 77,140 | 107,140 | 109,240 | 124,740 | 126,000 | 133,000 | 146,000 | 150,340 | 150,340 | 1,377,520 |
| Commissions (15%) | | 11,958 | 13,608 | 12,471 | 11,571 | 16,071 | 16,386 | 18,711 | 18,900 | 19,950 | 21,900 | 22,551 | 22,551 | 206,628 |
| Net Income | | 67,762 | 77,112 | 70,669 | 65,569 | 91,069 | 92,854 | 106,029 | 107,100 | 113,050 | 124,100 | 127,789 | 127,789 | 1,170,892 |
| News Expense | | 18,000 | 18,000 | 18,000 | 18,000 | 18,000 | 18,000 | 18,000 | 18,000 | 18,000 | 18,000 | 18,000 | 18,000 | 216,000 |
| Payroll Expense | | 3,744 | 3,744 | 3,744 | 3,744 | 3,744 | 3,744 | 3,744 | 3,744 | 3,744 | 3,744 | 3,744 | 3,744 | 44,928 |
| Program Expense | | 5,760 | 5,760 | 5,760 | 5,760 | 5,760 | 5,760 | 5,760 | 5,760 | 5,760 | 5,760 | 5,760 | 5,760 | 69,120 |
| Technical Expense | | 4,320 | 4,320 | 4,320 | 4,320 | 4,320 | 4,320 | 4,320 | 4,320 | 4,320 | 4,320 | 4,320 | 4,320 | 51,840 |
| Sales Expense | | 17,640 | 17,640 | 17,640 | 17,640 | 17,640 | 17,640 | 17,640 | 17,640 | 17,640 | 17,640 | 17,640 | 17,640 | 211,680 |
| G & A Expense | | 22,536 | 22,536 | 22,536 | 22,536 | 22,536 | 22,536 | 22,536 | 22,536 | 22,536 | 22,536 | 22,536 | 22,536 | 270,432 |
| Total Expense | | 72,000 | 72,000 | 72,000 | 72,000 | 72,000 | 72,000 | 72,000 | 72,000 | 72,000 | 72,000 | 72,000 | 72,000 | 864,000 |
| EBITDA | | -4,238 | 5,112 | -1,331 | -6,431 | 19,069 | 20,854 | 34,029 | 35,100 | 41,050 | 52,100 | 55,789 | 55,789 | 306,892 |

D-10

| | BUSINESS TALK RADIO - BARKER 2008 BUDGET | | | | | | | | | | | |
| | | | | STATION - KNUU | | | | | | | | |
| | January | February | March | April | May | June | July | August | September | October | November | December | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Revenue - Local | 54,720 | 62,270 | 57,067 | 52,949 | 73,541 | 74,982 | 85,622 | 86,486 | 91,291 | 100,214 | 103,193 | 103,193 | 945,530 |
| Revenue - Agency | 28,189 | 32,079 | 29,398 | 27,277 | 37,885 | 38,627 | 44,108 | 44,554 | 47,029 | 51,626 | 53,160 | 53,160 | 487,091 |
| Revenue - National | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Revenue - Political | 0 | 0 | 0 | 8,000 | 8,000 | 8,000 | 8,500 | 8,500 | 8,500 | 8,500 | 9,000 | 9,000 | 76,000 |
| Revenue - Tower | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| **Cash Revenue** | **82,909** | **94,349** | **86,466** | **80,226** | **111,426** | **113,610** | **129,730** | **131,040** | **138,320** | **151,840** | **156,354** | **156,354** | **1,432,621** |
| Commissions (15%) | 12,436 | 14,152 | 12,970 | 12,034 | 16,714 | 17,041 | 19,459 | 19,656 | 20,748 | 22,776 | 23,453 | 23,453 | 214,893 |
| | | | | | | | | | | | | | |
| **Net Income** | **70,472** | **80,196** | **73,496** | **68,192** | **94,712** | **96,568** | **110,270** | **111,384** | **117,572** | **129,064** | **132,901** | **132,901** | **1,217,728** |
| | | | | | | | | | | | | | |
| News Expense | 18,180 | 18,180 | 18,180 | 18,180 | 18,180 | 18,180 | 18,180 | 18,180 | 18,180 | 18,180 | 18,180 | 18,180 | 218,160 |
| | | | | | | | | | | | | | |
| Payroll Expense | 3,781 | 3,781 | 3,781 | 3,781 | 3,781 | 3,781 | 3,781 | 3,781 | 3,781 | 3,781 | 3,781 | 3,781 | 45,377 |
| | | | | | | | | | | | | | |
| Program Expense | 5,818 | 5,818 | 5,818 | 5,818 | 5,818 | 5,818 | 5,818 | 5,818 | 5,818 | 5,818 | 5,818 | 5,818 | 69,811 |
| | | | | | | | | | | | | | |
| Technical Expense | 4,363 | 4,363 | 4,363 | 4,363 | 4,363 | 4,363 | 4,363 | 4,363 | 4,363 | 4,363 | 4,363 | 4,363 | 52,358 |
| | | | | | | | | | | | | | |
| Sales Expense | 17,816 | 17,816 | 17,816 | 17,816 | 17,816 | 17,816 | 17,816 | 17,816 | 17,816 | 17,816 | 17,816 | 17,816 | 213,797 |
| | | | | | | | | | | | | | |
| G & A Expense | 22,761 | 22,761 | 22,761 | 22,761 | 22,761 | 22,761 | 22,761 | 22,761 | 22,761 | 22,761 | 22,761 | 22,761 | 273,136 |
| | | | | | | | | | | | | | |
| Total Expense | 72,720 | 72,720 | 72,720 | 72,720 | 72,720 | 72,720 | 72,720 | 72,720 | 72,720 | 72,720 | 72,720 | 72,720 | 872,640 |
| | | | | | | | | | | | | | |
| **EBITDA** | **-2,248** | **7,476** | **776** | **-4,528** | **21,992** | **23,848** | **37,550** | **38,664** | **44,852** | **56,344** | **60,181** | **60,181** | **345,088** |

D-1

| | | January | February | March | April | May | June | July | August | September | October | November | December | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | BUSINESS TALK RADIO - BARKER 2009 BUDGET | | | | | | | | |
| | | | | | | STATION - KNUU | | | | | | | | |
| Revenue - Local | | 56,909 | 64,761 | 59,350 | 55,067 | 76,483 | 77,982 | 89,047 | 89,946 | 94,943 | 104,223 | 107,321 | 107,321 | 983,353 |
| Revenue - Agency | | 29,317 | 33,362 | 30,574 | 28,368 | 39,400 | 40,172 | 45,873 | 46,336 | 48,910 | 53,691 | 55,287 | 55,287 | 506,576 |
| Revenue - National | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Revenue - Political | | 0 | 0 | 0 | 8,000 | 8,000 | 8,000 | 8,500 | 8,500 | 8,500 | 8,500 | 9,000 | 9,000 | 76,000 |
| Revenue - Tower | | | | | | | | | | | | | | |
| **Cash Revenue** | | **86,225** | **98,123** | **89,925** | **83,435** | **115,883** | **118,154** | **134,919** | **136,282** | **143,853** | **157,914** | **162,608** | **162,608** | **1,489,929** |
| Commissions (15%) | | 12,934 | 14,718 | 13,489 | 12,515 | 17,382 | 17,723 | 20,238 | 20,442 | 21,578 | 23,687 | 24,391 | 24,391 | 223,489 |
| **Net Income** | | **73,292** | **83,405** | **76,436** | **70,920** | **98,501** | **100,431** | **114,681** | **115,839** | **122,275** | **134,227** | **138,217** | **138,217** | **1,266,440** |
| News Expense | | 18,362 | 18,362 | 18,362 | 18,362 | 18,362 | 18,362 | 18,362 | 18,362 | 18,362 | 18,362 | 18,362 | 18,362 | 220,342 |
| Payroll Expense | | 3,819 | 3,819 | 3,819 | 3,819 | 3,819 | 3,819 | 3,819 | 3,819 | 3,819 | 3,819 | 3,819 | 3,819 | 45,831 |
| Program Expense | | 5,876 | 5,876 | 5,876 | 5,876 | 5,876 | 5,876 | 5,876 | 5,876 | 5,876 | 5,876 | 5,876 | 5,876 | 70,509 |
| Technical Expense | | 4,407 | 4,407 | 4,407 | 4,407 | 4,407 | 4,407 | 4,407 | 4,407 | 4,407 | 4,407 | 4,407 | 4,407 | 52,882 |
| Sales Expense | | 17,995 | 17,995 | 17,995 | 17,995 | 17,995 | 17,995 | 17,995 | 17,995 | 17,995 | 17,995 | 17,995 | 17,995 | 215,935 |
| G & A Expense | | 22,989 | 22,989 | 22,989 | 22,989 | 22,989 | 22,989 | 22,989 | 22,989 | 22,989 | 22,989 | 22,989 | 22,989 | 275,868 |
| | Total Expense | 73,447 | 73,447 | 73,447 | 73,447 | 73,447 | 73,447 | 73,447 | 73,447 | 73,447 | 73,447 | 73,447 | 73,447 | 881,366 |
| **EBITDA** | | **-156** | **9,957** | **2,989** | **-2,527** | **25,053** | **26,984** | **41,234** | **42,392** | **48,828** | **60,779** | **64,770** | **64,770** | **385,073** |

D-12

**Dale Norton**

| | |
|---|---|
| **From:** | Jacob J. Barker |
| **Sent:** | Wednesday, October 18, 2006 5:24 PM |
| **To:** | Dale Norton |
| **Subject:** | FW: (no subject) |
| **Attachments:** | Untitled Attachment |

**From:** Greenwich4@aol.com [mailto:Greenwich4@aol.com]
**Sent:** Monday, October 16, 2006 3:48 PM
**To:** Jacob J. Barker
**Subject:** Fwd: (no subject)

Jacob

As per

Michael

**Dale Norton**

| | |
|---|---|
| **From:** | Bill Fleming [wlfleming@comcast.net] |
| **Sent:** | Monday, October 16, 2006 2:43 PM |
| **To:** | Mike Metter,pers.; Metter, Michael |
| **Attachments:** | BTR-N&D06.doc |

Revised Nov.&Dec.


        Regards,

Bill Fleming
William Fleming & Associates
176 N. Beacon St.
Hartford, CT. 06105

(p) 860.236.4453
(c) 860.573.0479

wlfleming@comcast.net

## Sales / Ebitda

|  | NOVEMBER | DECEMBER |
|---|---|---|
| **WGCH** | $52,000 / $10,000 | $46,000 / $10,000 |
| **WBET** | $40,000 / $5,000 | $42,000 / $5,500 |
| **KNUU** | $88,000 / $22,000 | $92,000 / $25,000 |
| **BTRN** | $190,000 / $47,500 | $180,000 / $42,500 |



# Business Talk Radio

*Detailed Financial Data*
*Projected/Budget - ORIGINAL*

| | Projected 11/30/2006 | Projected 12/31/2006 | Projected 2 Months 12/31/06P | 12 Months 12/31/06P |
|---|---|---|---|---|
| **Sales** | | | | |
| Business Talk Radio.net | $180,000 | $180,000 | $370,000 | na |
| WGCH | 52,000 | 46,000 | 98,000 | na |
| WBET | 40,000 | 42,000 | 82,000 | na |
| KNUU | 88,000 | 92,000 | 180,000 | na |
| Total Sales | $370,000 | $380,000 | $730,000 | $4,617,000 |
| **Expenses** | | | | |
| Business Talk Radio.net | $142,500 | $137,500 | $280,000 | na |
| WGCH | 42,000 | 36,000 | 78,000 | na |
| WBET | 35,000 | 36,500 | 71,500 | na |
| KNUU | 66,000 | 67,000 | 133,000 | na |
| Total Expenses | $285,500 | $277,000 | $562,500 | $3,331,000 |
| Margin | 77.2% | 76.9% | 77.1% | 72.1% |
| **EBITDA** | $84,500 | $83,000 | $167,500 | $1,286,000 |
| Margin | 22.8% | 23.1% | 22.9% | 27.9% |
| **EBITDA** | | | | |
| Business Talk Radio.net | $47,500 | $42,500 | $90,000 | na |
| WGCH | 10,000 | 10,000 | 20,000 | na |
| WBET | 5,000 | 5,500 | 10,500 | na |
| KNUU | 22,000 | 25,000 | 47,000 | na |
| | $84,500 | $83,000 | $167,500 | $1,286,000 |

original Projection given to Barker

B-1

# Business Talk

*Detailed Financial Data*
*Projected/Budget - ORI(*

| | Projected | | | 3 Months | | | | 3 Months | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 1/31/2007P | 2/28/2007P | 3/31/2007P | 3/31/07P | 4/30/2007P | 5/30/2007P | 6/30/2007P | 6/30/2007P | 7/31/2007P | 8/31/2007P |
| **Sales** | | | | | | | | | | |
| Business Talk Radio.net | $190,000 | $210,000 | $200,000 | $600,000 | $250,000 | $230,000 | $220,000 | $700,000 | $210,000 | $200,000 |
| WGCH | 36,439 | 35,739 | 35,428 | 108,604 | 47,524 | 48,315 | 38,840 | 134,679 | 37,335 | 36,385 |
| WBET | 17,720 | 19,720 | 22,140 | 59,980 | 52,140 | 53,140 | 52,140 | 157,420 | 55,640 | 57,000 |
| KNIU | 79,720 | 90,720 | 83,140 | 253,580 | 77,140 | 107,140 | 109,240 | 293,520 | 124,740 | 126,000 |
| **Total Sales** | $323,879 | $357,179 | $340,706 | $1,021,764 | $426,804 | $438,595 | $420,220 | $1,285,619 | $427,715 | $419,385 |
| **Expenses** | | | | | | | | | | |
| Business Talk Radio.net | $146,500 | $149,500 | $148,000 | $444,000 | $155,500 | $152,500 | $161,000 | $459,000 | $149,500 | $148,000 |
| WGCH | 36,066 | 38,111 | 35,914 | 108,081 | 37,729 | 37,847 | 38,428 | 112,002 | 36,200 | 36,058 |
| WBET | 28,658 | 28,956 | 29,321 | 86,937 | 33,821 | 33,971 | 33,821 | 101,613 | 34,346 | 34,550 |
| KNIU | 83,958 | 85,608 | 84,471 | 254,037 | 83,571 | 88,071 | 86,388 | 260,028 | 90,711 | 90,900 |
| **Total Expenses** | $295,182 | $300,177 | $297,706 | $893,065 | $310,621 | $312,389 | $309,633 | $932,643 | $310,757 | $309,508 |
| Margin | 91.1% | 84.0% | 87.4% | 87.4% | 72.8% | 71.2% | 73.7% | 72.5% | 72.7% | 73.8% |
| **EBITDA** | $28,697 | $57,002 | $43,000 | $128,699 | $116,183 | $126,206 | $110,587 | $352,976 | $116,958 | $109,877 |
| Margin | 8.9% | 16.0% | 12.6% | 12.6% | 27.2% | 28.8% | 26.3% | 27.5% | 27.3% | 26.2% |
| **EBITDA** | | | | | | | | | | |
| Business Talk Radio.net | $43,500 | $60,500 | $52,000 | $156,000 | $94,500 | $77,500 | $59,000 | $241,000 | $60,500 | $52,000 |
| WGCH | 373 | 628 | (488) | 513 | 9,795 | 10,468 | 2,414 | 22,677 | 1,135 | 327 |
| WBET | (10,938) | (9,238) | (7,181) | (27,357) | 18,319 | 19,169 | 18,319 | 55,807 | 21,294 | 22,450 |
| KNIU | (4,238) | 5,112 | (1,331) | (457) | (6,431) | 19,069 | 20,854 | 33,492 | 34,029 | 35,100 |
| | $28,697 | $57,002 | $43,000 | $128,699 | $116,183 | $126,206 | $110,587 | $352,976 | $116,958 | $109,877 |

Barker Capital

(B-2)

2

# Business Talk

*Detailed Financial Data*
*Projected/Budget - ORI(*

| | 9/30/2007P | 3 Months 9/30/2007P | 10/31/2007P | 11/30/2007P | 12/31/2007P | 3 Months 12/31/2007P | 12 Months 12/31/07P |
|---|---|---|---|---|---|---|---|
| **Sales** | | | | | | | |
| Business Talk Radio.net | $230,000 | $640,000 | $240,000 | $290,000 | $270,000 | $800,000 | $2,740,000 |
| WGCH | 50,385 | 124,105 | 73,075 | 58,650 | 52,500 | 184,225 | 551,513 |
| WBET | 59,000 | 170,840 | 56,000 | 65,333 | 66,340 | 187,673 | 575,313 |
| KNJU | 133,000 | 383,740 | 146,000 | 150,340 | 150,340 | 448,680 | 1,377,520 |
| **Total Sales** | $471,385 | $1,318,485 | $615,075 | $564,323 | $539,180 | $1,618,578 | $5,244,446 |
| **Expenses** | | | | | | | |
| Business Talk Radio.net | $152,500 | $450,000 | $154,000 | $161,500 | $158,500 | $474,000 | $1,827,000 |
| WGCH | 38,158 | 110,416 | 41,551 | 39,398 | 38,475 | 119,434 | 448,943 |
| WBET | 34,700 | 103,596 | 34,400 | 35,800 | 35,951 | 106,151 | 398,297 |
| KNJU | 91,950 | 273,561 | 63,900 | 94,551 | 94,551 | 283,002 | 1,070,628 |
| **Total Expenses** | $317,308 | $937,573 | $323,861 | $331,249 | $327,477 | $982,587 | $3,745,868 |
| Margin | 67.3% | 71.1% | | | 60.7% | 60.7% | 71.4% |
| **EBITDA** | $154,077 | $380,912 | $191,214 | $233,074 | $241,703 | $635,991 | $1,498,578 |
| Margin | 32.7% | 28.9% | 37.1% | 41.3% | 39.3% | 39.3% | 28.6% |
| **EBITDA** | | | | | | | |
| Business Talk Radio.net | $77,500 | $190,000 | $86,000 | $128,500 | $111,500 | $326,000 | $913,000 |
| WGCH | 12,227 | 13,689 | 31,514 | 19,252 | 14,025 | 84,791 | 101,670 |
| WBET | 23,300 | 67,044 | 21,600 | 29,533 | 30,389 | 81,522 | 177,016 |
| KNJU | 41,050 | 110,179 | 52,100 | 55,789 | 55,789 | 183,678 | 306,892 |
| | $154,077 | $380,912 | $191,214 | $233,074 | $211,703 | $635,591 | $1,498,578 |

Barker Capital

(3-3)

# Business Talk
*Detailed Financial Data*
*Projected/Budget - OR!(*

| | Projected | | | 3 Months | | | | 3 Months | |
|---|---|---|---|---|---|---|---|---|---|
| | 1/31/2008P | 2/28/2008P | 3/31/2008P | 3/31/08P | 4/30/2008P | 5/30/2008P | 6/30/2008P | 6/30/2008P | 7/31/2008P |
| **Sales** | | | | | | | | | |
| Business Talk Radio.net | $197,600 D-L | $218,400 D-L | $208,000 D-L | $624,000 | $260,000 D-L | $239,200 D-L | $228,800 D-L | $728,000 | $218,400 D-L |
| WDCH | 37,887 | 38,209 | 35,843 | 112,949 | 49,425 | 50,249 | 40,384 | 140,057 | 38,628 |
| WBET | 18,429 | 20,509 | 23,025 | 61,964 | 54,226 | 54,226 | 54,226 | 162,678 | 57,865 |
| KNUU | 82,809 | 94,349 | 86,465 | 263,724 | 90,226 | 111,425 | 113,610 | 305,262 | 129,730 |
| Total Sales | $336,835 | $371,467 | $354,335 | $1,062,637 | $443,877 | $465,100 | $437,030 | $1,336,007 | $444,824 |
| **Expenses** | | | | | | | | | |
| Business Talk Radio.net | $148,820 | $151,940 | $150,380 | $451,140 | $158,180 | $155,060 | $153,500 | $466,740 | $151,940 |
| WDCH | 35,590 | 36,637 | 36,432 | 109,659 | 38,320 | 38,443 | 36,966 | 113,728 | 36,730 |
| WBET | 29,024 | 29,336 | 29,714 | 88,074 | 34,384 | 34,384 | 34,384 | 103,182 | 34,940 |
| KNUU | 85,159 | 86,872 | 85,690 | 257,718 | 84,754 | 88,434 | 88,761 | 263,949 | 92,179 |
| Total Expenses | $299,590 | $304,785 | $302,216 | $906,591 | $315,648 | $317,331 | $314,520 | $947,599 | $315,789 |
| *Margin* | 88.9% | 82.0% | 85.3% | 85.3% | 71.1% | 69.7% | 72.0% | | 71.0% |
| **EBITDA** | $37,245 | $66,682 | $52,119 | $156,046 | $128,229 | $137,769 | $122,410 | $388,408 | $129,035 |
| *Margin* | 11.1% | 18.0% | 14.7% | 14.7% | 28.9% | 30.3% | 28.0% | 29.1% | 29.0% |
| **EBITDA** | | | | | | | | | |
| Business Talk Radio.net | $48,780 D-L | $66,460 D-L | $57,620 D-L | $172,860 | $101,820 D-L | $84,140 D-L | $75,300 D-L | $261,260 | $66,460 D-L |
| WDCH | 1,307 | 1,572 | 411 | 3,290 | 11,105 | 11,805 | 3,429 | 26,339 | 2,098 |
| WBET | (10,595) | (8,827) | (6,688) | (26,110) | 19,832 | 19,832 | 19,832 | 59,496 | 22,926 |
| KNUU | (2,247) | 7,477 | 776 | 6,006 | (4,528) | 21,992 | 23,849 | 41,313 | 37,551 |
| | $37,245 | $65,682 | $52,119 | $156,046 | $128,229 | $137,769 | $122,410 | $388,408 | $129,035 |

# Business Talk
## Detailed Financial Data
### Projected/Budget - ORI(

| | 8/31/2008P | 9/30/2008P | 3 Months 9/30/2008P | 10/31/2008P | 11/30/2008P | 12/31/2008P | 3 Months 12/31/2008P | 12 Months 12/31/08P |
|---|---|---|---|---|---|---|---|---|
| **Sales** | | | | | | | | |
| Business Talk Radio.net | $208,000 D-2 | $239,200 D-2 | $666,600 | $249,600 D-2 | $301,800 D-2 | $280,800 D-2 | $832,000 | $2,849,600 |
| WGCH | 37,840 | 53,400 | 129,068 | 75,958 | 80,998 | 54,600 | 191,594 | 573,678 |
| WBET | 59,280 | 60,320 | 177,466 | 58,240 | 67,946 | 68,994 | 195,180 | 597,288 |
| KNUU | 131,040 | 138,320 | 399,090 | 151,840 | 156,354 | 156,354 | 464,548 | 1,432,624 |
| Total Sales | $436,160 | $490,240 | $1,371,224 | $535,678 | $586,886 | $560,748 | $1,683,322 | $5,453,190 |
| | | | | | | | | |
| **Expenses** | | | | | | | | |
| Business Talk Radio.net | $150,360 | $155,060 | $457,380 | $156,620 | $164,420 | $161,300 | $482,340 | $1,857,500 |
| WGCH | 38,582 | 38,768 | 112,078 | 42,306 | 40,055 | 39,095 | 121,457 | 456,922 |
| WBET | 35,152 | 35,308 | 105,400 | 34,996 | 36,452 | 36,609 | 108,057 | 404,713 |
| KNUU | 92,378 | 93,468 | 278,023 | 95,498 | 96,173 | 96,173 | 287,842 | 1,087,532 |
| Total Expenses | $314,460 | $322,602 | $952,881 | $329,418 | $337,100 | $333,178 | $999,696 | $3,806,767 |
| | | | | | | | | |
| Margin | 72.1% | 65.8% | 69.5% | | | 59.4% | 59.4% | 69.8% |
| | | | | | | | | |
| EBITDA | $121,670 | $167,638 | $418,343 | $206,260 | $249,796 | $227,570 | $683,626 | $1,646,423 |
| Margin | 27.9% | 34.2% | 30.5% | 38.5% | 42.6% | 40.6% | 40.6% | 30.2% |
| | | | | | | | | |
| EBITDA | | | | | | | | |
| Business Talk Radio.net | $121,670 | $84,140 D-2 | $208,220 | $92,690 D-2 | $137,180 D-2 | $119,500 D-2 | $349,660 | $992,050 |
| WGCH | | 13,534 | 16,980 | 33,692 | 20,941 | 15,504 | 70,137 | 116,756 |
| WBET | | 25,012 | 72,068 | 23,244 | 31,494 | 32,385 | 87,123 | 192,575 |
| KNUU | | 44,852 | 121,067 | 56,344 | 60,181 | 60,181 | 176,708 | 345,982 |
| | | $187,638 | $418,343 | $206,260 | $249,796 | $227,570 | $683,626 | $1,646,423 |



B-5

5

# Business Talk

*Detailed Financial Data*
*Projected/Budget - OR&t*

| | Projected | | | 3 Months | | | | 3 Months | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | 1/31/2009P | 2/28/2009P | 3/31/2009P | 3/31/09P | 4/30/2008P | 5/30/2008P | 6/30/2008P | 6/30/2009P | 7/31/2009P | 8/31/2009P |
| **Sales** | | | | | | | | | | |
| Business Talk Radio.net | $205,594 | $227,136 | $216,320 | $648,960 | $200,000 | $248,748 | $237,952 | $686,720 | $277,158 | $216,320 |
| WGCH | 39,413 | 39,737 | 38,317 | 117,467 | 51,402 | 52,258 | 42,010 | 145,670 | 40,381 | 38,354 |
| WBET | 19,168 | 21,329 | 23,947 | 64,442 | 56,395 | 56,395 | 56,395 | 169,185 | 60,181 | 61,861 |
| KNUU | 86,225 | 98,123 | 89,925 | 274,273 | 83,435 | 115,883 | 118,154 | 317,472 | 134,919 | 136,282 |
| **Total Sales** | **$350,398** | **$386,325** | **$368,509** | **$1,105,142** | **$391,232** | **$473,304** | **$454,511** | **$1,319,047** | **$462,817** | **$453,607** |
| **Expenses** | | | | | | | | | | |
| Business Talk Radio.net | $151,198 | $154,442 | $152,820 | $458,460 | $150,372 | $157,687 | $156,065 | $464,124 | $154,442 | $152,820 |
| WGCH | 37,127 | 37,176 | 36,963 | 111,266 | 38,925 | 39,054 | 37,516 | 115,495 | 37,272 | 37,118 |
| WBET | 29,398 | 29,722 | 30,115 | 89,235 | 34,982 | 34,982 | 34,982 | 104,946 | 35,550 | 35,771 |
| KNUU | 86,381 | 88,165 | 86,935 | 261,482 | 85,962 | 90,829 | 91,170 | 287,961 | 93,885 | 93,899 |
| **Total Expenses** | **$304,104** | **$309,505** | **$306,834** | **$920,443** | **$310,241** | **$322,552** | **$319,733** | **$952,526** | **$320,949** | **$319,598** |
| Margin | 86.8% | 80.1% | 83.3% | 83.3% | 79.3% | 68.1% | 70.3% | 70.3% | 69.4% | 70.5% |
| **EBITDA** | | | | | | | | | | |
| Business Talk Radio.net | $54,396 | $72,694 | $63,500 | $190,500 | $49,628 | $91,061 | $81,887 | $222,596 | $72,694 | $93,500 |
| WGCH | 2,286 | 2,561 | 1,354 | 6,201 | 12,477 | 13,204 | 4,494 | 30,175 | 3,109 | 2,236 |
| WBET | (10,232) | (8,393) | (6,188) | (24,793) | 21,413 | 21,413 | 21,413 | 84,239 | 24,631 | 25,880 |
| KNUU | (155) | 9,958 | 2,989 | 12,791 | (2,527) | 25,054 | 26,994 | 49,511 | 41,234 | 42,393 |
| **EBITDA** | **$46,204** | **$76,820** | **$61,575** | **$184,699** | **$80,991** | **$150,732** | **$134,778** | **$366,521** | **$141,668** | **$134,009** |
| Margin | 13.2% | 19.9% | 16.7% | 16.7% | 20.7% | 31.9% | 29.7% | 27.8% | 30.6% | 29.5% |

# Business Talk
*Detailed Financial Data*
*Projected/Budget - OR!(*

| | 9/30/2009P | 3 Months 9/30/2009P | 10/31/2009P | 10 Months 10/31/2009P |
|---|---|---|---|---|
| **Sales** | | | | |
| Business Talk Radio.net | $248,788 P→3 | $892,224 | $259,584 P→3 | $2,287,488 |
| WGCH | 54,496 | 134,231 | 79,038 | 478,406 |
| WBET | 62,733 | 184,565 | 60,570 | 478,762 |
| KNUU | 43,853 | 415,054 | 157,914 | 1,164,713 |
| **Total Sales** | $509,860 | $1,426,074 | $557,105 | $4,407,369 |
| **Expenses** | | | | |
| Business Talk Radio.net | $157,687 | $464,949 | $159,310 | $1,548,843 |
| WGCH | 39,389 | 113,779 | 43,071 | 383,611 |
| WBET | 35,933 | 107,264 | 35,808 | 337,043 |
| KNUU | 95,025 | 282,599 | 97,134 | 909,176 |
| **Total Expenses** | $328,034 | $968,581 | $335,123 | $3,178,673 |
| *Margin* | 64.3% | 67.9% | | 72.1% |
| **EBITDA** | | | | |
| Business Talk Radio.net | $91,081 P→3 | $227,275 | $100,274 P→3 | $740,845 |
| WGCH | 15,107 | 20,452 | 35,967 | 92,795 |
| WBET | 26,800 | 77,311 | 24,962 | 141,719 |
| KNUU | 48,828 | 132,455 | 60,780 | 205,537 |
| **EBITDA** | $181,816 | $457,493 | $221,983 | $1,220,896 |
| *Margin* | 35.7% | 32.1% | 39.8% | 27.9% |

*BARKER Covenant Calc. worksheet*

# Business Talk Radio

### Covenant Analysis - Consolidated
*(Figures in Actual Amounts)*

|  | 2 mos. 12/31/2006 | 3/31/2007 | 6/30/2007 | 9/30/2007 | 12/31/2007 | 3/31/2008 | Quarterly Covenants 6/30/2008 | 9/30/2008 | 12/31/2008 | 3/31/2009 | 6/30/2009 | 9/30/2009 | 10/31/2009 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Minimum Net Revenue Covenant** | | | | | | | | | | | | | |
| Rev. Covenant - % of Budget | 90.0% | 90.0% | 90.0% | 90.0% | 90.0% | 90.0% | 90.0% | 90.0% | 90.0% | 90.0% | 90.0% | 90.0% | |
| Total Net Revenues Per Company Budget | 730,000 | 1,021,764 | 1,285,619 | 1,318,485 | 1,618,578 | 1,082,637 | 1,336,007 | 1,371,224 | 1,683,322 | 1,105,142 | 1,426,074 | 567,106 | |
| Recommended Net Revenue Covenant | $657,000 | $919,588 | $1,157,067 | $1,186,637 | $1,456,720 | $1,202,406 | $1,234,102 | $1,514,990 | $994,628 | $1,187,142 | $1,283,467 | $807,395 | |
| **Total net revenues- actual** | | | | | | | | | | | | | |
| **Over (under) covenant** | ($657,000) | ($919,588) | ($1,157,067) | ($1,186,637) | ($1,456,720) | ($958,373) | ($1,202,406) | ($1,234,102) | ($1,514,990) | ($994,628) | ($1,187,142) | ($1,283,467) | ($501,395) |
| Cushion - % | 10.0% | 10.0% | 10.0% | 10.0% | 10.0% | 10.0% | 10.0% | 10.0% | 10.0% | 10.0% | 10.0% | 10.0% | 10.0% |
| Cushion - $ | $73,000 | $102,176 | $128,562 | $131,849 | $161,858 | $106,264 | $133,601 | $137,122 | $168,332 | $110,514 | $131,905 | $142,607 | $55,711 |
| **Minimum Consolidated EBITDA Covenant** | | | | | | | | | | | | | |
| EBITDA Covenant - % of Budget | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% |
| EBITDA Per Company Budget | 167,500 | 128,598 | 352,976 | 380,912 | (633,991) | (166,046) | 388,408 | 418,343 | 683,826 | 184,699 | 398,521 | (467,493) | (221,883) |
| Recommended EBITDA Covenant | $142,376 | $109,394 | $300,030 | $323,775 | $540,592 | $132,689 | $330,147 | $385,892 | $581,082 | $159,994 | $311,643 | $388,889 | $188,899 |
| **Total EBITDA - Actual** | | | | | | | | | | | | | |
| **Over (under) covenant** | ($142,376) | ($109,394) | ($300,030) | ($323,775) | ($540,592) | ($132,689) | ($330,147) | ($355,892) | ($581,082) | ($311,521) | ($311,543) | ($388,889) | ($188,686) |
| Cushion - % | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% | 15.0% |
| Cushion - $ | $25,125 | $19,305 | $52,946 | $57,137 | $95,399 | $23,407 | $58,261 | $62,751 | $102,544 | $27,705 | $54,978 | $68,624 | $33,207 |
| **Minimum Consolidated Capex Covenant** | 2006 | 2007 | 2008 | 2009 | | | | | | | | | |
| Annual Capex Per Company Budget | 0 | 0 | 0 | 0 | | | | | | | | | |
| Recommended ANNUAL Maximum Capex Covenant | $0 | $200,000 | $200,000 | $200,000 | | | | | | | | | |
| Cushion - % | 76.0% | | | | | | | | | | | | |
| Cushion - $ | $0 | | | | | | | | | | | | |

**Minimum Net Cash Covenant**

| | |
|---|---|
| Approximated Monthly Cash Interest Expense | $50,000 |
| | 0 |
| Multiple of Cash Interest | 4.0 x |
| Monthly Minimum Net Cash Covenant | $200,000 |

*Barker Capital*

(A)

From: Nugent, Shanna [mailto:snugent@AkinGump.com]
Sent:  Thu Nov 09 21:25:27 2006
To:    Turinas, Alice
Cc:Jacob J. Barker; Villota, Carlos
Subject:       Financing Agreement

Alice,

Please find attached a clean and redline version of the Financing
Agreement.  In the interest of time, I am distributing this to you as
well as my client, and as such it remains subject to further review and
comment.

Thanks,

Shanna L. Nugent
Corporate Associate
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214)-969-4218
Fax: (214)-969-4343
snugent@akingump.com

_____

IRS Circular 230 Notice Requirement: This communication is not given in
the form of a covered opinion, within the meaning of Circular 230 issued
by the United States Secretary of the Treasury. Thus, we are required to

inform you that you cannot rely upon any tax advice contained in this
communication for the purpose of avoiding United States federal tax
penalties. In addition, any tax advice contained in this communication
may not be used to promote, market or recommend a transaction to another
party.

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. If
you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.

## POST-CLOSING MATTERS AGREEMENT

THIS POST-CLOSING MATTERS AGREEMENT (this "*Agreement*") is dated as of November 13, 2006 and is executed and delivered by and between **BUSINESSTALKRADIO.NET, INC.**, a Delaware corporation (the "*Borrower*") and **BC MEDIA FUNDING COMPANY II, LLC**, a Delaware limited liability company, as agent (the "*Agent*") on behalf of the Lender under and as defined in the Financing Agreement (as defined below).

In consideration of the Term Loan (as defined in the Financing Agreement) and additional extensions of credit to be made by the Lender on and after the date hereof in accordance with the terms of that certain Financing Agreement of even date herewith among by and among the Borrower, The Greenwich Broadcasting Corporation, a Connecticut corporation, The Lifestyle TalkRadio Network, Inc., a Delaware corporation, BTR West, Inc., a Nevada corporation, BTR Communications Boston, Inc., a Massachusetts corporation), BTR Greenwich, Inc., a Connecticut corporation, BTR West II, Inc., a Nevada corporation, BTR Communications Boston II, Inc., a Massachusetts corporation, Media Funding Company, LLC, a Delaware limited liability company, and the Agent (the "*Financing Agreement*"), and the other documents and agreements contemplated by the Financing Agreement, and as an inducement to the Lender to make the Term Loan and to extend such credit, the Borrower agrees with the Agent as follows (Capitalized terms used herein but not defined herein shall have the meanings given to them in the Financing Agreement):

1.    <u>Required Actions</u>. Notwithstanding any provision in the Financing Agreement to the contrary, the Borrower agrees that it shall deliver to the Agent on behalf of the Lender, the documents set forth on <u>Schedule A</u> hereto, in form and substance reasonably satisfactory to the Agent, and/or take the actions set forth on <u>Schedule A</u> hereto, in a manner reasonably acceptable to the Agent, on or before the deadlines therefor set forth in <u>Schedule A</u> hereto. The Lender and the Agent each acknowledge and agree that, notwithstanding any provision in the Financing Agreement to the contrary, such documents set forth on <u>Schedule A</u> hereto may be delivered at any time on or before the deadlines set forth in <u>Schedule A</u> hereto, and such delivery after the Effective Date shall not constitute a Default or an Event of Default under the Financing Agreement; provided that such documents are delivered on or before the deadlines therefor set forth in <u>Schedule A</u> hereto.

2.    <u>Event of Default</u>. Notwithstanding any provision in the Financing Agreement to the contrary, any default or breach under this Agreement shall constitute an immediate Event of Default under and as defined in the Financing Agreement.

3.    <u>Binding on Successors and Assigns</u>. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

4.    <u>Severability</u>. Whenever possible, each provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement shall be held to be prohibited by or invalid under applicable law, such provision

shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remaining provisions of this Agreement.

5.    **GOVERNING LAW. THIS AGREEMENT SHALL BE GOVERNED BY, CONSTRUED UNDER AND ENFORCED IN ACCORDANCE WITH, THE INTERNAL LAWS, AS OPPOSED TO THE CONFLICT OF LAWS PROVISIONS, OF THE STATE OF NEW YORK.**

6.    Entire Agreement. This Agreement constitutes the entire agreement among the parties with respect to only the specific subject matter hereof, and supersedes all prior negotiations, representations, warranties, commitments, offers, letters of interest or intent, proposal letters, contracts, writings or other agreements or understandings with respect thereof.

7.    No Waiver. No waiver, and no modification or amendment of any provision of this Agreement shall be effective unless specifically made in writing and duly signed by the party purportedly making such waiver.

8.    Counterparts. This Agreement may be delivered by facsimile and executed in one or more counterparts and by different parties in separate counterparts, each of which when so executed and delivered shall be deemed to be an original, but all of which counterparts taken together shall constitute but one and the same Agreement.

9.    Titles. Paragraph and subparagraph titles, captions and headings herein are inserted only as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provisions hereof.

10.    Exercise of Rights. No failure or delay on the part of any party hereto to exercise any right, power or privilege hereunder or under any instrument executed pursuant hereto shall operate as a waiver, nor shall any single or partial exercise of any right, power or privilege preclude any other or further exercise thereof or the exercise of any other right, power or privilege.

11.    Acknowledgment. Borrower affirms and acknowledges that this Agreement constitutes a Loan Document under the Financing Agreement and any reference to the Loan Documents under the Financing Agreement contained in any notice, request, certificate or other document executed concurrently with or after the execution and delivery of this Agreement shall be deemed to include this Agreement unless the context shall otherwise specify.

IN WITNESS WHEREOF, each of the parties hereto has caused this Post Closing Matters Agreement to be executed and delivered by its duly authorized officer as of the date first set forth above.

**BUSINESSTALKRADIO.NET, INC.**

By: _____

Name: _____

Title: _____

**BC MEDIA FUNDING COMPANY II, LLC, as Agent**

By: _____

Name: _____

Title: _____

[Signature Page to Post-Closing Matters Agreement]

## SCHEDULE A

Within 30 days following the Effective Date (or such later date as is expressly referred to below with respect to any particular item), Borrower shall do the following:

1. Deliver the certificate representing all of the Capital Stock of The Greenwich Broadcasting Corporation and a stock power for such certificate, as described in Section 4.01(d)(iii);

2. Deliver the filed stamped copy of the UCC-3 termination for the Becker Loan;

3. Deliver the termination and release agreement with respect to the Becker Loan and all related documents as described in described in Section 4.01(d)(xxviii);

4. Deliver an executed Exhibit I, II and III to the Security Agreement—Grants of Security Interest in Copyrights, Trademarks and Patents;

5. Cause, within 5 Business Days from the Effective Date, the delivery of an executed Pledge and Security Agreement of FJL Enterprises pledging all the outstanding Equity Interests in the Borrower;

6. Cause, within 5 Business Days from the Effective Date, the delivery of a Secretary Certificate of FJL Enterprises, Inc., including (i) Certificate of Incorporation, (ii) bylaws, (iii) board resolutions, (iv) good standing and (v) incumbency certificate, all as described in Section 4.01(xv) through Section 4.01 (xix);

7. Cause, within 5 Business Days from the Effective Date, the delivery of the resolutions, reasonably acceptable to Agent, of FJL Enterprises, Inc., a New Jersey corporation, as described in Section 4.01(d)(xv);

8. Cause, within 5 Business Days from the Effective Date, the delivery of a certificate of FJL Enterprises as described in Section 4.01(d)(xxiv);

9. Deliver an executed Intercompany Subordination Agreement as described in Section 4.01(d)(xi);

10. Deliver within two days of the Effective Date evidence of insurance coverage naming Agent as loss payee, and as described in Section 4.01(d)(xxv);

11. Deliver, within 2 days of the Effective Date, evidence of insurance coverage, as described in Section 4.01(d)(xxv), to the extent such evidence provides that such policy may be terminated or canceled (by the insurer or the insured thereunder) only upon thirty (30) days' prior written notice to the Agent and each named insured or loss payee as described in Section 4.01(d)(xxv);

12.     Deliver the executed landlord estoppel, waiver and nondisturbance agreements, which shall be in a form reasonably acceptable to Agent, described in described in Section 4.01(d)(xxvii) for each lease listed on Schedule 5.01(o) (except for the Lease dated June 22, 2006 between Harrison Management Company, as lessor, and The Greenwich Broadcasting Corporation d/b/a WGCH Talk Radio, as lessee, concerning premises at 71 Lewis Street, Greenwich, Connecticut), and, within 45 days of the Effective Date, deliver an executed landlord estoppel, waiver and nondisturbance agreement, which shall be in a form reasonably acceptable to Agent, relating to the Rental Agreement dated as of July 15, 2000 between K-News Broadcasting, Inc., as assignee of sublessor, and Nevada Media Group, Inc., as sublessee, concerning premises located at Mount Diablo Meridian, Nevada;

13.     Deliver a consolidate balance sheet of the Borrower as of the Effective Date, reviewed by an independent certified account reasonably acceptable to Agent and Lenders, within 15 days of the Effective Date;

14.     Cause the delivery of a certificate of B. Michael Pisani as described in Section 4.01(d)(xxiv);

15.     Confirmation of filing of any UCC financing statements, as described in Section 4.01(d)(xii), with respect to perfection of the security interests purported to be created by the Pledge Agreement with respect to the shares of Capital Stock of The Greenwich Broadcasting Corporation, and the representation and warranty set forth in Section 5.01(ee), will not apply with respect to such shares or the proceeds thereof prior to the Tranche II Date;

16.     Deliver of description of broker fees as contemplated by Schedule 5.01(t);

17.     Deliver the financial statements for Fiscal Year 2005 as described in Section 6.01(a)(ii) no later than forty-five days after the Effective Date; and

18.     Deliver, within 5 Business Days of the Effective Date, replacement stock certificates with corrected legends, changing "and" to "or" as noted on Schedule B attached hereto.

## SCHEDULE B

## CORRECTION OF LEGEND ON STOCK CERTIFICATES

See attachment.



NUMBER

** | **

SHARES

INCORPORATED UNDER THE LAWS OF

THE STATE OF
CONNECTICUT

## BTR GREENWICH, INC.

COMMON STOCK, PAR VALUE $.001 PER SHARE

**This Certifies that**    BUSINESSTALKRADIO.NET, INC.    _is the owner of_

** One **

_fully paid
and non-assessable Shares of the Capital Stock of the above named Corporation
transferable only on the books of the Corporation by the holder hereof in person or
by duly authorized Attorney upon surrender of this Certificate properly endorsed._

_In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers
and its corporate seal to be hereunto affixed this_  12th  _day of_ November _A. D. 19_____

ASSISTANT    SECRETARY/TREASURER    PRESIDENT

830665-1

©1997 ALL-STATE LEGAL SUPPLY CO. One Commerce Drive, Cranford, N. J. 07016, 800/223-12



NUMBER

KR - 1 ** 

INCORPORATED UNDER THE LAWS OF

DELAWARE

SHARES

BUSINESSTALKRADIO.NET, INC.

COMMON STOCK, PAR VALUE $.001 PER SHARE

**This Certifies that** B. MICHAEL PISANI is the owner of *TWENTY MILLION SEVEN HUNDRED FORTY - EIGHT THOUSAND TWO HUNDRED FIFTY - EIGHT* fully paid and non-assessable Shares of the Capital Stock of the above named Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this 12th day of November A.D. 2006

ASSISTANT SECRETARY/~~TREASURER~~ PRESIDENT

©1997 ALL-STATE LEGAL SUPPLY CO., One Commerce Drive, Cranford, N.J. 07016 98C13-12

NUMBER

HR R-2**

INCORPORATED UNDER THE LAWS OF

DELAWARE

SHARES

**BUSINESSTALKRADIO.NET, INC.**
Common Stock, par value $0.001 per share

**This Certifies that**                    B. MICHAEL PISANI                    is the owner of

************************ONE MILLION (1,000,000)*****************************

fully paid
and non-assessable Shares of the Capital Stock of the above named Corporation
transferable only on the books of the Corporation by the holder hereof in person or
by duly authorized Attorney upon surrender of this Certificate properly endorsed.
In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers
and its Corporate Seal to be hereunto affixed this   12 th   day of   November   A. D. 2006

ASSISTANT                    SECRETARY-TREASURER                    PRESIDENT











NUMBER **R-3**

INCORPORATED UNDER THE LAWS OF

DELAWARE

SHARES

BUSINESSTALKRADIO.NET, INC.
COMMON STOCK, PAR VALUE $.001 PER SHARE

**This Certifies that** FJL ENTERPRISES, INC. is the owner of **SIX HUNDRED SIXTY-SIX THOUSAND SIX HUNDRED SIXTY-SEVEN** fully paid and non-assessable Shares of the Capital Stock of the above named Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this 12th day of November A.D. 19

ASSISTANT SECRETARY/~~TREASURER~~ PRESIDENT

©1987 ALL-STATE LEGAL SUPPLY CO., One Commerce Drive, Cranford, N.J. 07016

NUMBER **XR-4**

INCORPORATED UNDER THE LAWS OF
DELAWARE

SHARES

BUSINESSTALKRADIO.NET, INC.
Common Stock, par value $0.001 per share

This Certifies that LEONARD F. MASCOTI is the owner of ***Three hundred thirty-three thousand, three hundred and thirty-three (333,333)*************************** fully paid and non-assessable Shares of the Capital Stock of the above named Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this 12th day of November A.D. 2006

ASSISTANT SECRETARY/~~TREASURER~~

PRESIDENT

©1987 ALL-STATE LEGAL SUPPLY CO. One Commerce Drive, Cranford, N. J. 07016 98C15-12

NUMBER
**R-10**

INCORPORATED UNDER THE LAWS OF
DELAWARE

SHARES

BUSINESSTALKRADIO.NET, INC.
Common Stock, par value $0.001 per share

**This Certifies that**          FJL ENTERPRISES, INC.          *is the owner of*

************************FIFTY THOUSAND (50,000)************************ *fully paid and non-assessable Shares of the Capital Stock of the above named Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.*

*In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this* 12th *day of* November *A.D.* 2006

ASSISTANT
SECRETARY/TREASURER

PRESIDENT





NUMBER ✱✱R-5✱✱    INCORPORATED UNDER THE LAWS OF    SHARES ✱✱333,333✱✱

Delaware

BUSINESSTALKRADIO.NET, INC.

COMMON STOCK, PAR VALUE $.001 per share

**This Certifies that** Michael L. Metter *is the owner of*

three hundred thirty-three thousand three hundred and thirty-three *fully paid*

*and non-assessable Shares of the Capital Stock of the above named Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.*

*In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this* 12th *day of* November *A. D.* 2006

ASSISTANT    SECRETARY/TREASURER    PRESIDENT

**From:** Dale Norton [den@barkercap.com]
**Sent:** Monday, August 11, 2008 12:17 PM
**To:** Timothy Olson
**Subject:** FW: Comment on post-closing agreement
**Attachments:** POST_CLOSING Agreement (6).DOC.DOC

**From:** Turinas, Alice [mailto:ATURINAS@seidenwayne.com]
**Sent:** Tuesday, November 14, 2006 1:29 PM
**To:** Nugent, Shanna
**Cc:** Villota, Carlos; Dale Norton; Jacob J. Barker; Oberdorf, William P.
**Subject:** Comment on post-closing agreement

**Alice W. Turinas**
Counsel
Seiden Wayne LLC
Two Penn Plaza East
Newark, NJ 07105
(973) 491-3514
fax (973) 491-3487
aturinas@seidenwayne.com
(Please note new email address)

**From:** Nugent, Shanna [mailto:snugent@AkinGump.com]
**Sent:** Tuesday, November 14, 2006 2:09 PM
**To:** Turinas, Alice
**Cc:** Villota, Carlos; Dale Norton; Jacob J. Barker
**Subject:** RE: Sources and uses, 11_14

Alice,

Attached please find the revised post closing agreement and a revised financing agreement with one clarifying change in 6.03(c).

Please let me know when these are final.

Thanks,

**Shanna L. Nugent**
Corporate Associate
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201

Telephone: (214)-969-4218
Fax: (214)-969-4343
snugent@akingump.com

---

**From:**  Turinas, Alice [mailto:ATURINAS@seidenwayne.com]
**Sent:**  Tuesday, November 14, 2006 12:53 PM
**To:**  den@barkercap.com; Villota, Carlos; Nugent, Shanna; Wright, Carrie
**Subject:**    Sources and uses, 11_14

 << File: 831248_1.xls >> <<WEST-#5997693-vdoc-POST_CLOSING.DOC>> <<WEST-#5997693-v2-POST_CLOSING.DOC>> <<WEST-#5973153-vdoc-BTR--Financing_Agreement.DOC>> <<WEST-#5973153-v18-BTR--Financing_Agreement.DOC>>

---

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

"Effective October 18, 2006, the name of the firm has been changed to Seiden Wayne LLC. In connection with the name change, our email addresses will now be  changed to ---@seidenwayne.com (using the same prefix) and our website is www.seidenwayne.com.  If you use our existing email addresses, your message will be forwarded to us, but please update your records to ensure our timely receipt of your correspondence.  You may still contact us at the same telephone and facsimile numbers."

   The information contained in this Electronic mail message is attorney privileged and confidential information intended only for the use of the individual or entity named above. Such information also is intended to be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone.

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

http://www.seidenwayne.com/

Comments of counsel for Borrower

## POST-CLOSING MATTERS AGREEMENT

THIS POST-CLOSING MATTERS AGREEMENT (this "*Agreement*") is dated as of November 13, 2006 and is executed and delivered by and between **BUSINESSTALKRADIO.NET, INC.**, a Delaware corporation (the "*Borrower*") and **BC MEDIA FUNDING COMPANY II, LLC**, a Delaware limited liability company, as agent (the "*Agent*") on behalf of the Lender under and as defined in the Financing Agreement (as defined below).

In consideration of the Term Loan (as defined in the Financing Agreement) and additional extensions of credit to be made by the Lender on and after the date hereof in accordance with the terms of that certain Financing Agreement of even date herewith among by and among the Borrower, The Greenwich Broadcasting Corporation, a Connecticut corporation, The Lifestyle TalkRadio Network, Inc., a Delaware corporation, BTR West, Inc., a Nevada corporation, BTR Communications Boston, Inc., a Massachusetts corporation), BTR Greenwich, Inc., a Connecticut corporation, BTR West II, Inc., a Nevada corporation, BTR Communications Boston II, Inc., a Massachusetts corporation, Media Funding Company, LLC, a Delaware limited liability company, and the Agent (the "*Financing Agreement*"), and the other documents and agreements contemplated by the Financing Agreement, and as an inducement to the Lender to make the Term Loan and to extend such credit, the Borrower agrees with the Agent as follows (Capitalized terms used herein but not defined herein shall have the meanings given to them in the Financing Agreement):

1.    Required Actions. Notwithstanding any provision in the Financing Agreement to the contrary, the Borrower agrees that it shall deliver to the Agent on behalf of the Lender, the documents set forth on Schedule A hereto, in form and substance reasonably satisfactory to the Agent, and/or take the actions set forth on Schedule A hereto, in a manner reasonably acceptable to the Agent, on or before the deadlines therefor set forth in Schedule A hereto. The Lender and the Agent each acknowledge and agree that, notwithstanding any provision in the Financing Agreement to the contrary, such documents set forth on Schedule A hereto may be delivered at any time on or before the deadlines set forth in Schedule A hereto, and such delivery after the Effective Date shall not constitute a Default or an Event of Default under the Financing Agreement; provided that such documents are delivered on or before the deadlines therefor set forth in Schedule A hereto.

2.    Event of Default. Notwithstanding any provision in the Financing Agreement to the contrary, any default or breach under this Agreement shall constitute an immediate Event of Default under and as defined in the Financing Agreement.

3.    Binding on Successors and Assigns. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

4.    Severability. Whenever possible, each provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement shall be held to be prohibited by or invalid under applicable law, such provision

Deleted: 831288-1

shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remaining provisions of this Agreement.

     5.    <u>GOVERNING LAW</u>. **THIS AGREEMENT SHALL BE GOVERNED BY, CONSTRUED UNDER AND ENFORCED IN ACCORDANCE WITH, THE INTERNAL LAWS, AS OPPOSED TO THE CONFLICT OF LAWS PROVISIONS, OF THE STATE OF NEW YORK.**

     6.    <u>Entire Agreement</u>. This Agreement constitutes the entire agreement among the parties with respect to only the specific subject matter hereof, and supersedes all prior negotiations, representations, warranties, commitments, offers, letters of interest or intent, proposal letters, contracts, writings or other agreements or understandings with respect thereof.

     7.    <u>No Waiver</u>. No waiver, and no modification or amendment of any provision of this Agreement shall be effective unless specifically made in writing and duly signed by the party purportedly making such waiver.

     8.    <u>Counterparts</u>. This Agreement may be delivered by facsimile and executed in one or more counterparts and by different parties in separate counterparts, each of which when so executed and delivered shall be deemed to be an original, but all of which counterparts taken together shall constitute but one and the same Agreement.

     9.    <u>Titles</u>. Paragraph and subparagraph titles, captions and headings herein are inserted only as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provisions hereof.

     10.    <u>Exercise of Rights</u>. No failure or delay on the part of any party hereto to exercise any right, power or privilege hereunder or under any instrument executed pursuant hereto shall operate as a waiver, nor shall any single or partial exercise of any right, power or privilege preclude any other or further exercise thereof or the exercise of any other right, power or privilege.

     11.    <u>Acknowledgment</u>. Borrower affirms and acknowledges that this Agreement constitutes a Loan Document under the Financing Agreement and any reference to the Loan Documents under the Financing Agreement contained in any notice, request, certificate or other document executed concurrently with or after the execution and delivery of this Agreement shall be deemed to include this Agreement unless the context shall otherwise specify.

> Deleted: 831288-1

IN WITNESS WHEREOF, each of the parties hereto has caused this Post Closing Matters Agreement to be executed and delivered by its duly authorized officer as of the date first set forth above.

**BUSINESSTALKRADIO.NET, INC.**

By: _____

Name: _____

Title: _____


**BC MEDIA FUNDING COMPANY II, LLC, as Agent**

By:_____

Name: _____

Title: _____

Deleted: 831288-1

## SCHEDULE A

Within 30 days following the Effective Date (or such later date as is expressly referred to below with respect to any particular item), Borrower shall do the following:

1.    Deliver the certificate representing all of the Capital Stock of The Greenwich Broadcasting Corporation and a stock power for such certificate, as described in Section 4.01(d)(iii);

2.    Deliver the filed stamped copy of the UCC-3 termination for the Becker Loan;

3.    Deliver the termination and release agreement with respect to the Becker Loan and all related documents as described in described in Section 4.01(d)(xxviii);

4.    Deliver an executed Exhibit I, II and III to the Security Agreement—Grants of Security Interest in Copyrights, Trademarks and Patents;

5.    Cause, within 5 Business Days from the Effective Date, the delivery of an executed Pledge and Security Agreement of FJL Enterprises pledging all the outstanding Equity Interests in the Borrower;

6.    Cause, within 5 Business Days from the Effective Date, the delivery of a Secretary Certificate of FJL Enterprises, Inc., including (i) Certificate of Incorporation, (ii) bylaws, (iii) board resolutions, (iv) good standing and (v) incumbency certificate, all as described in Section 4.01(xv) through Section 4.01 (xix);

7.    Cause, within 5 Business Days from the Effective Date, the delivery of the resolutions, reasonably acceptable to Agent, of FJL Enterprises, Inc., a New Jersey corporation, as described in Section 4.01(d)(xv);

8.    Cause, within 5 Business Days from the Effective Date, the delivery of a certificate of FJL Enterprises as described in Section 4.01(d)(xxiv);

9.    Deliver an executed Intercompany Subordination Agreement as described in Section 4.01(d)(xi);

10.    Deliver within two days of the Effective Date evidence of insurance coverage naming Agent as loss payee, and as described in Section 4.01(d)(xxv);

11.    Deliver, within 2 days of the Effective Date, evidence of insurance coverage, as described in Section 4.01(d)(xxv), to the extent such evidence provides that such policy may be terminated or canceled (by the insurer or the insured thereunder) only upon thirty (30) days' prior written notice to the Agent and each named insured or loss payee as described in Section 4.01(d)(xxv);

Deleted: 831288-1

12.    <u>Use reasonable best efforts to cause </u>delivery of the landlord estoppel, waiver and nondisturbance agreements described in described in <u>Section 4.01(d)(xxvii)</u> for each lease;

**Deleted:** D

13.    Deliver a consolidate balance sheet of the Borrower as of the Effective Date, reviewed by an independent certified account reasonably acceptable to Agent and Lenders, within 15 days of the Effective Date;

14.    Cause the delivery of a certificate of B. Michael Pisani as described in <u>Section 4.01(d)(xxiv)</u>;

15.    Confirmation of filing of any UCC financing statements, as described in <u>Section 4.01(d)(xii)</u>, with respect to perfection of the security interests purported to be created by the Pledge Agreement with respect to the shares of Capital Stock of The Greenwich Broadcasting Corporation, and the representation and warranty set forth in <u>Section 5.01(ee)</u>, will not apply with respect to such shares or the proceeds thereof prior to the Tranche II Date;

16.    Deliver of description of broker fees as contemplated by <u>Schedule 5.01(t)</u>;

17.    Deliver the financial statements for Fiscal Year 2005 as described in <u>Section 6.01(a)(ii)</u> no later than forty-five days after the Effective Date; and

18.    Deliver, within 5 Business Days of the Effective Date, replacement stock certificates with corrected legends, changing "and" to "or" as noted on <u>Schedule B</u> attached hereto.

**Deleted:** 831288-1

**SCHEDULE B**

**CORRECTION OF LEGEND ON STOCK CERTIFICATES**

See attachment.

Deleted: 831288-1

831288-1

**From:**     Dale Norton [den@barkercap.com]
**Sent:**     Monday, August 11, 2008 12:17 PM
**To:**       Timothy Olson
**Subject:** FW: BTR Post Closing

**From:** Turinas, Alice [mailto:ATURINAS@seidenwayne.com]
**Sent:** Tuesday, January 02, 2007 8:45 AM
**To:** Nugent, Shanna
**Cc:** Dale Norton
**Subject:** RE: BTR Post Closing

Hi, Shanna,
Happy new year. This is my first day in the office after vacation. I'll respond soon.

**Alice W. Turinas**
Counsel
Seiden Wayne LLC
Two Penn Plaza East
Newark, NJ 07105
(973) 491-3514
fax (973) 491-3487
aturinas@seidenwayne.com
(Please note new email address)

**From:** Nugent, Shanna [mailto:snugent@AkinGump.com]
**Sent:** Friday, December 29, 2006 10:06 PM
**To:** Turinas, Alice
**Cc:** Dale Norton
**Subject:** RE: BTR Post Closing

Alice,

Below is a list of items still outstanding for the Business Talk Radio.  As of now, all items are past due.  Please give me an explanation and ETA on each of the below.  Also, please copy Dale Norton on your response.

1.  Need original Lazauskas spousal consent
2.  Missing stock certificates with updated legends
3.  stock powers for each stock certificate
4.  BusinessTalkradio.net, Inc. consent--missing Pisani's signature
5.  Greenwich Broadcasting company consent--missing Pisani's signature
6.  missing specimen stock certificate exhibit B on consent for BTR West II, Inc.
7.  missing specimen stock certificate exhibit B on consent for BTR Communications Boston, Inc.
8.  missing specimen stock certificate exhibit B on consent for BTR Greenwich, Inc.
9.  need secretary's signature on Bylaws for BTR Greenwich, Inc.
10.  BTR Greenwich Inc. consent--missing Pisani's signature

11.  Need Certificate of Incorporation and Bylaws for FJL Enterprises
12.  Need 2005 Audited Financials for Borrower
13.  Need Call option certificate (I do not have the final form, or a signature pages)
14.  Need Balance Sheet--and officer cert. certifying balance sheet
15.  Missing landlord waivers--please update on status
16.  Need original signatures for Tranche II Officer Certificate
17.  Need original signatures for Tranche II Payoff Letter
18.  Need original signatures for Tranche II Mutual Release
19.  Need original signature for Tranche II Post closing agreement
20.  Also, please update on new bank accounts.

Thanks,

**Shanna L. Nugent**
Corporate Associate
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214)-969-4218
Fax: (214)-969-4343
snugent@akingump.com

---

**From:**  Nugent, Shanna
**Sent:**  Monday, December 11, 2006 3:51 PM
**To:**  'Turinas, Alice'
**Cc:**  'Dale Norton'
**Subject:**  BTR Post Closing

Alice,

Thanks for the condolences.  I have gone through the materials sent to me, and I have been putting together the closing binder on the deal.  As I have gone through I have noticed that I am missing the items listed below.  I have attached the documents that need to be executed below, as well as the certificates that need the new legend. Please reissue the certificates and I will send you the old ones, once I receive the new certificates. The lender also request that we receive a stock power per certificate.

Also, There are a few of these from the post closing agreement that are past their due date.  Please let me know the status of these items.

We are still missing the following:
1.  Pledge and Security Agreement for FJL
2.  The Secretary Certificate for FJL
3.  The Intercompany Subordination Agreement
4.  The original Signed opinion of SW
5.  On the Secretary Certificate of Borrower--on the Consent--missing Pisani's signature and missing the exhibits
6.  On the Secretary Certificate of Greenwich--missing the signature on the Bylaws and missing Pisani's signature on the consent

7.  On the Secretary Certificate for Lifestyle--missing the signatures to the resolutions

8. On the Secretary Certificate for BTR West--missing the signature on the Bylaws, also missing the signed resolutions

9. BTR Communications Boston, Inc.--missing the signed resolutions

10. BTR Greenwich Inc.--on the secretary certificate--missing the certificate of incorporation, the bylaws are not signed, and need pisani's signature on the resolutions

11. BTR West II, Inc.---missing the certificate of incorporation, bylaws, and resolutions are missing their attachements.

12. On the Security Agreement, missing the ein for BusinessTalkradio.net, Inc.

13. Consolidated Balance Sheet

14. Solvency Certificate for FJL

15. Replacement Stock Certificates

16. The Trademark Security Agreements for both Lifestyle and BusinessTalkradio.net, Inc.

17. The 2005 Financials

18. The Greenwich stock certificate, payoff letter etc (after closing of Tranche II)

19. The Landlord waivers

20. the Broker fees description

21. the Pisani certificate and

22. We discussed BTR setting up new bank accounts after the closing, but I do not know if BTR has pursued this course of action, if so, we will need a new account control agreement with the new bank.

Please let me know if you have any questions.

Thanks,

**Shanna L. Nugent**
Corporate Associate
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214)-969-4218
Fax: (214)-969-4343
snugent@akingump.com

 << File: WEST-#6008608-v1-BTR--Trademark_Security_Agreements.DOC >>  << File: WEST-#5996884-v3-BTR--Pledge_Agreement-FJL_Enterprises__Inc_.DOC >>  << File: WEST-#5996853-v1-BTR_Secretary_s_Certificate_for_FJL_Enterprises__Inc.DOC >>  << File: WEST-#5989081-v3-BTR__Form_of_Affiliate_Subordination_Agreement.DOC >>  << File: WEST-#5999136-v1-BTR--stock_certificates_with_incorrect_legend.PDF >>  << File: scan.pdf >>

IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a

"Effective October 18, 2006, the name of the firm has been changed to Seiden Wayne LLC.  In connection with the name change, our email addresses will now be  changed to ---@seidenwayne.com (using the same prefix) and our website is www.seidenwayne.com.  If you use our existing email addresses, your message will be forwarded to us, but please update your records to ensure our timely receipt of your correspondence.  You may still contact us at the same telephone and facsimile numbers."

The information contained in this Electronic mail message is attorney privileged and confidential information intended only for the use of the individual or entity named above. Such information also is intended to be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone.

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

http://www.seidenwayne.com/

**From:**    Dale Norton [den@barkercap.com]
**Sent:**    Monday, August 11, 2008 12:18 PM
**To:**      Timothy Olson
**Subject:** FW: BTR Post Closing

**From:** Turinas, Alice [mailto:ATURINAS@seidenwayne.com]
**Sent:** Monday, January 08, 2007 5:08 PM
**To:** Nugent, Shanna
**Cc:** Dale Norton
**Subject:** RE: BTR Post Closing

Hi, Shanna,

Thanks very much for having LaKeisha send me the stock powers this evening.

Re item 1, see note at end.
Re items 2-3, let's discuss, as my client understandably is cost conscious.
Re item 4, see note at end.
I'm aiming to get items 6-8 to you within a few days.
I thought we had sent item 9 to you, but we could have made a mistake on this end. I will check our files.
Re item 10, see note at end.
Re item 11, I will need to follow up again with FJL Enterprises.
Re items 12 and 14, which BTR needs to supply directly to you or your client ,I understand that is in process and expected soon; I'll ask the client to update me.
Re item 13, we might need to have the document printed and signed in duplicate again; I will check our files.
Re item 15, we copied you on the letters to landlords for recently-acquired Boston and Las Vegas stations, which requested that the landlord contact you with any comments or questions. With respect to the landlords for the WGCH tower site and the Connecticut office and studio leases, there is no update; we should discuss when we discuss items 2-3 mentioned above.
Re items items 16-19, I'd hoped you'd already received originals; will follow up with the client to obtain those. Please alert me if you haven't already received these via fax; unless I've heard otherwise from you, I'll assume that you have the fax copies and will place these at the bottom of the priority list.

The following items have been provided via fax, and since the fax signatures suffice to bind BTR, I will place these last on the list of priority (let me know if you are missing the fax signature for any of these, and I'll pdf it to you by tomorrow or Wednesday): 1, 4, 5,10 (and, assuming you haven't alerted me, items 16-19).

When would be a good time for a lawyer-to-lawyer discussion re items 2, 3 and 15?
**Alice W. Turinas**
Counsel
Seiden Wayne LLC
Two Penn Plaza East
Newark, NJ 07105
(973) 491-3514
fax (973) 491-3487
aturinas@seidenwayne.com
(Please note new email address)

**From:** Nugent, Shanna [mailto:snugent@AkinGump.com]
**Sent:** Monday, January 08, 2007 5:04 PM
**To:** Turinas, Alice
**Cc:** Dale Norton
**Subject:** RE: BTR Post Closing

Alice,

Any updates on the below...


**Shanna L. Nugent**
Corporate Associate
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214)-969-4218
Fax: (214)-969-4343
snugent@akingump.com



**From:** Turinas, Alice [mailto:ATURINAS@seidenwayne.com]
**Sent:** Tuesday, January 02, 2007 8:45 AM
**To:** Nugent, Shanna
**Cc:** Dale Norton
**Subject:** RE: BTR Post Closing

Hi, Shanna,
Happy new year. This is my first day in the office after vacation. I'll respond soon.

**Alice W. Turinas**
Counsel
Seiden Wayne LLC
Two Penn Plaza East
Newark, NJ 07105
(973) 491-3514
fax (973) 491-3487
aturinas@seidenwayne.com
(Please note new email address)



**From:** Nugent, Shanna [mailto:snugent@AkinGump.com]
**Sent:** Friday, December 29, 2006 10:06 PM
**To:** Turinas, Alice
**Cc:** Dale Norton
**Subject:** RE: BTR Post Closing

Alice,

Below is a list of items still outstanding for the Business Talk Radio.  As of now, all items are past due.  Please give me an explanation and ETA on each of the below.  Also, please copy Dale Norton on your response.

1. Need original Lazauskas spousal consent
2. Missing stock certificates with updated legends
3. stock powers for each stock certificate
4. BusinessTalkradio.net, Inc. consent--missing Pisani's signature
5. Greenwich Broadcasting company consent--missing Pisani's signature
6. missing specimen stock certificate exhibit B on consent for BTR West II, Inc.
7. missing specimen stock certificate exhibit B on consent for BTR Communications Boston, Inc.
8. missing specimen stock certificate exhibit B on consent for BTR Greenwich, Inc.
9. need secretary's signature on Bylaws for BTR Greenwich, Inc.
10. BTR Greenwich Inc. consent--missing Pisani's signature
11. Need Certificate of Incorporation and Bylaws for FJL Enterprises
12. Need 2005 Audited Financials for Borrower
13. Need Call option certificate (I do not have the final form, or a signature pages)
14. Need Balance Sheet--and officer cert. certifying balance sheet
15. Missing landlord waivers--please update on status
16. Need original signatures for Tranche II Officer Certificate
17. Need original signatures for Tranche II Payoff Letter
18. Need original signatures for Tranche II Mutual Release ---Received
19. Need original signature for Tranche II Post closing agreement
20. Also, please update on new bank accounts.

Thanks,

**Shanna L. Nugent**
Corporate Associate
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214)-969-4218
Fax: (214)-969-4343
snugent@akingump.com

---

**From:** Nugent, Shanna
**Sent:** Monday, December 11, 2006 3:51 PM
**To:** 'Turinas, Alice'
**Cc:** 'Dale Norton'
**Subject:** BTR Post Closing

Alice,

Thanks for the condolences. I have gone through the materials sent to me, and I have been putting together the closing binder on the deal. As I have gone through I have noticed that I am missing the items listed below. I have attached the documents that need to be executed below, as well as the certificates that need the new legend. Please reissue the certificates and I will send you the old ones, once I receive the new certificates. The lender also request that we receive a stock power per certificate.

Also, There are a few of these from the post closing agreement that are past their due date. Please let me know the status of these items.

We are still missing the following:
1. Pledge and Security Agreement for FJL
2. The Secretary Certificate for FJL
3. The Intercompany Subordination Agreement
4. The original Signed opinion of SW
5. On the Secretary Certificate of Borrower--on the Consent--missing Pisani's signature and missing the exhibits
6. On the Secretary Certificate of Greenwich--missing the signature on the Bylaws and missing Pisani's signature on the consent

7. On the Secretary Certificate for Lifestyle--missing the signatures to the resolutions
8. On the Secretary Certificate for BTR West--missing the signature on the Bylaws, also missing the signed resolutions
9. BTR Communications Boston, Inc.--missing the signed resolutions
10. BTR Greenwich Inc.--on the secretary certificate--missing the certificate of incorporation, the bylaws are not signed, and need pisani's signature on the resolutions

11. BTR West II, Inc.---missing the certificate of incorporation, bylaws, and resolutions are missing their attachements.

12. On the Security Agreement, missing the ein for BusinessTalkradio.net, Inc.
13. Consolidated Balance Sheet
14. Solvency Certificate for FJL
15. Replacement Stock Certificates
16. The Trademark Security Agreements for both Lifestyle and BusinessTalkradio.net, Inc.
17. The 2005 Financials
18. The Greenwich stock certificate, payoff letter etc (after closing of Tranche II)
19. The Landlord waivers
20. the Broker fees description
21. the Pisani certificate and
22. We discussed BTR setting up new bank accounts after the closing, but I do not know if BTR has pursued this course of action, if so, we will need a new account control agreement with the new bank.

Please let me know if you have any questions.

Thanks,

**Shanna L. Nugent**
Corporate Associate
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214)-969-4218
Fax: (214)-969-4343
snugent@akingump.com


  << File: WEST-#6008608-v1-BTR--Trademark_Security_Agreements.DOC >>  << File: WEST-#5996884-v3-
BTR--Pledge_Agreement-FJL_Enterprises__Inc_.DOC >>  << File: WEST-#5996853-v1-
BTR_Secretary_s_Certificate_for_FJL_Enterprises__Inc.DOC >>  << File: WEST-#5989081-v3-
BTR__Form_of_Affiliate_Subordination_Agreement.DOC >>  << File: WEST-#5999136-v1-BTR--
stock_certificates_with_incorrect_legend.PDF >>  << File: scan.pdf >>

IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a

"Effective October 18, 2006, the name of the firm has been changed to Seiden Wayne LLC.  In connection with the name change, our email addresses will now be  changed to  ---@seidenwayne.com (using the same prefix) and our website is www.seidenwayne.com.  If you use our existing email addresses, your message will be forwarded to us, but please update your records to ensure our timely receipt of your correspondence.  You may still contact us at the same telephone and facsimile numbers."

The information contained in this Electronic mail message is attorney privileged and confidential information intended only for the use of the individual or entity named above. Such information also is intended to be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone.

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

http://www.seidenwayne.com/

IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a

**From:** Dale Norton [den@barkercap.com]
**Sent:** Monday, August 11, 2008 12:18 PM
**To:** Timothy Olson
**Subject:** FW: BTR Post Closing.

**From:** Turinas, Alice [mailto:ATURINAS@seidenwayne.com]
**Sent:** Friday, January 12, 2007 2:58 PM
**To:** snugent@akingump.com
**Cc:** Dale Norton; mmetter@businesstalkradio.net
**Subject:** RE: BTR Post Closing.

Shanna,
Items numbered 1, 4, 5 ,9, 10 and 11 are being overnighted to you for Sat. delivery.
I hope to get items 6-8, 17 and 19 to you next week.
Item 18 is done.We need to discuss items 2, 3 and possibly 15. I hope to get the remaining items to you as soon as possible.
**Alice W. Turinas**
Counsel
Seiden Wayne LLC
Two Penn Plaza East
Newark, NJ 07105
(973) 491-3514
fax (973) 491-3487
aturinas@seidenwayne.com
(Please note new email address)

**From:** Nugent, Shanna [mailto:snugent@AkinGump.com]
**Sent:** Monday, January 08, 2007 8:12 PM
**To:** Turinas, Alice
**Cc:** Dale Norton
**Subject:** RE: BTR Post Closing

Alice,

I have placed my responses in red below.  I am available tomorrow after 10:00am.  Please call to discuss.

Thanks,

**Shanna L. Nugent**
Corporate Associate
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214)-969-4218
Fax: (214)-969-4343
snugent@akingump.com

**From:** Turinas, Alice [mailto:ATURINAS@seidenwayne.com]
**Sent:** Monday, January 08, 2007 5:08 PM
**To:** Nugent, Shanna
**Cc:** Dale Norton
**Subject:** RE: BTR Post Closing

Hi, Shanna,

Thanks very much for having LaKeisha send me the stock powers this evening.

Re item 1, see note at end.
Re items 2-3, let's discuss, as my client understandably is cost conscious.
Re item 4, see note at end.
I'm aiming to get items 6-8 to you within a few days.
I thought we had sent item 9 to you, but we could have made a mistake on this end. I will check our files.
Re item 10, see note at end.
Re item 11, I will need to follow up again with FJL Enterprises.
Re items 12 and 14, which BTR needs to supply directly to you or your client ,I understand that is in process and expected soon; I'll ask the client to update me.
Re item 13, we might need to have the document printed and signed in duplicate again; I will check our files.
Re item 15, we copied you on the letters to landlords for recently-acquired Boston and Las Vegas stations, which requested that the landlord contact you with any comments or questions. With respect to the landlords for the WGCH tower site and the Connecticut office and studio leases, there is no update; we should discuss when we discuss items 2-3 mentioned above.
Re items items 16-19, I'd hoped you'd already received originals; will follow up with the client to obtain those. Please alert me if you haven't already received these via fax; unless I've heard otherwise from you, I'll assume that you have the fax copies and will place these at the bottom of the priority list.

The following items have been provided via fax, and since the fax signatures suffice to bind BTR, I will place these last on the list of priority (let me know if you are missing the fax signature for any of these, and I'll pdf it to you by tomorrow or Wednesday): 1, 4, 5,10 (and, assuming you haven't alerted me, items 16-19).

When would be a good time for a lawyer-to-lawyer discussion re items 2, 3 and 15?
**Alice W. Turinas**
Counsel
Seiden Wayne LLC
Two Penn Plaza East
Newark, NJ 07105
(973) 491-3514
fax (973) 491-3487
aturinas@seidenwayne.com
(Please note new email address)

**From:** Nugent, Shanna [mailto:snugent@AkinGump.com]
**Sent:** Friday, December 29, 2006 10:06 PM
**To:** Turinas, Alice
**Cc:** Dale Norton
**Subject:** RE: BTR Post Closing

Alice,

Below is a list of items still outstanding for the Business Talk Radio.  As of now, all items are past due.  Please give me an explanation and ETA on each of the below.  Also, please copy Dale Norton on your response.

1. Need original Lazauskas spousal consent

   AT:  Assume you have a fax original, so will make this a lower priority; see note at end.

   -- Akin: have a very fuzzy copy, need original

   AT to Akin: Will be in package marked for delivery Saturday, 1/13.


2. Missing stock certificates with updated legends

   AT: let's discuss, as my client understandably is cost conscious.

   -- Akin: this is now more than two months overdue


3. stock powers for each stock certificate

   AT: let's discuss, as my client understandably is cost conscious

   -- Akin: this is now more than two months overdue.


4. BusinessTalkradio.net, Inc. consent--missing Pisani's signature

   AT: Assume you have a fax original, so will make this a lower priority; see note at end.

   -- Akin: Do not have copy, your secretary just removed signature page to consent and resent it to me

   AT to Akin: Will be in package marked for delivery Saturday, 1/13.


5. Greenwich Broadcasting company consent--missing Pisani's signature

   AT: Assume you have a fax original, so will make this a lower priority; see note at end.

   -- Akin: do not have copy, just removed signature page and resent to me

   AT to Akin: Will be in package marked for delivery Saturday, 1/13.


6. missing specimen stock certificate exhibit B on consent for BTR West II, Inc.

   AT: I'm aiming to get items 6-8 to you within a few days

   -- Akin: please provide


7. missing specimen stock certificate exhibit B on consent for BTR Communications  Boston, Inc.

   AT: I'm aiming to get items 6-8 to you within a few days

-- Akin: please provide

8. missing specimen stock certificate exhibit B on consent for BTR Greenwich, Inc.

AT: I'm aiming to get items 6-8 to you within a few days

-- Akin: please provide

9. need secretary's signature on Bylaws for BTR Greenwich, Inc.

I thought we had sent item 9 to you, but we could have made a mistake on this end. I will check our files

-- Akin: just removed signature page to and resent to me, do not have copy.

AT to Akin: Will be in package marked for delivery Saturday, 1/13.

10. BTR Greenwich Inc. consent--missing Pisani's signature

AT: Assume you have a fax original, so will make this a lower priority; see note at end.

-- Akin: do not have copy

AT to Akin: Will be in package marked for delivery Saturday, 1/13.

11. Need Certificate of Incorporation and Bylaws for FJL Enterprises

AT: I will need to follow up again with FJL Enterprises

-- Akin: please provide

AT to Akin: Will be in package marked for delivery Saturday, 1/13.

12. Need 2005 Audited Financials for Borrower

AT: BTR needs to supply directly to you or your client. I understand that is in process and expected soon; I'll ask the client to update me.

-- Akin: Will discuss with Barker

13. Need Call option certificate (I do not have the final form, or a signature pages)

AT: we might need to have the document printed and signed in duplicate again; I will check our files.

-- Akin: please update

14.  Need Balance Sheet--and officer cert. certifying balance sheet

   AT: BTR needs to supply directly to you or your client. I understand that is in process and expected soon; I'll ask the client to update me.

   -- Akin: will discuss with Barker


15.  Missing landlord waivers--please update on status

   AT: we copied you on the letters to landlords for recently-acquired Boston and Las Vegas stations, which requested that the landlord contact you with any comments or questions. With respect to the landlords for the WGCH tower site and the Connecticut office and studio leases, there is no update; we should discuss when we discuss items 2-3 mentioned above.

   -- Akin: need to recontact, make effort to obtain, this is your responsibility.


16.  Need original signatures for Tranche II Officer Certificate

   AT: Re items items 16-19, I'd hoped you'd already received originals; will follow up with the client to obtain those.  Please alert me if you haven't already received these via fax; unless I've heard otherwise from you, I'll assume that you have the fax copies and will place these at the bottom of the priority list.

   -- Akin: missing originals from BTR


17.  Need original signatures for Tranche II Payoff Letter

   AT: Re items items 16-19, I'd hoped you'd already received originals; will follow up with the client to obtain those.  Please alert me if you haven't already received these via fax; unless I've heard otherwise from you, I'll assume that you have the fax copies and will place these at the bottom of the priority list.

   -- Akin: missing originals from BTR-- have original from Becker


18.  Need original signatures for Tranche II Mutual Release

   AT: Re items items 16-19, I'd hoped you'd already received originals; will follow up with the client to obtain those.  Please alert me if you haven't already received these via fax; unless I've heard otherwise from you, I'll assume that you have the fax copies and will place these at the bottom of the priority list.

   --- SN: Received


19.  Need original signature for Tranche II Post closing agreement

   AT: Re items items 16-19, I'd hoped you'd already received originals; will follow up with the client to obtain those.  Please alert me if you haven't already received these via fax; unless I've heard otherwise from you, I'll assume that you have the fax copies and will place these at the bottom of the priority list.

   -- SN: missing originals

20.  Also, please update on new bank accounts.

   -- SN: please update

Thanks,

**Shanna L. Nugent**
Corporate Associate
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214)-969-4218
Fax: (214)-969-4343
snugent@akingump.com

---

**From:**  Nugent, Shanna
**Sent:**  Monday, December 11, 2006 3:51 PM
**To:**  'Turinas, Alice'
**Cc:**  'Dale Norton'
**Subject:**  BTR Post Closing

Alice,

Thanks for the condolences.  I have gone through the materials sent to me, and I have been putting together the closing binder on the deal.  As I have gone through I have noticed that I am missing the items listed below.  I have attached the documents that need to be executed below, as well as the certificates that need the new legend. Please reissue the certificates and I will send you the old ones, once I receive the new certificates. The lender also request that we receive a stock power per certificate.

Also, There are a few of these from the post closing agreement that are past their due date.  Please let me know the status of these items.

We are still missing the following:
1.  Pledge and Security Agreement for FJL
2.  The Secretary Certificate for FJL
3.  The Intercompany Subordination Agreement
4.  The original Signed opinion of SW
5.  On the Secretary Certificate of Borrower--on the Consent--missing Pisani's signature and missing the exhibits
6.  On the Secretary Certificate of Greenwich--missing the signature on the Bylaws and missing Pisani's signature on the consent

7.  On the Secretary Certificate for Lifestyle--missing the signatures to the resolutions
8.  On the Secretary Certificate for BTR West--missing the signature on the Bylaws, also missing the signed resolutions
9.  BTR Communications Boston, Inc.--missing the signed resolutions
10.  BTR Greenwich Inc.--on the secretary certificate--missing the certificate of incorporation, the bylaws are not signed, and need pisani's signature on the resolutions

11.  BTR West II, Inc.---missing the certificate of incorporation, bylaws, and resolutions are missing their attachements.

12. On the Security Agreement, missing the ein for BusinessTalkradio.net, Inc.
13. Consolidated Balance Sheet
14. Solvency Certificate for FJL
15. Replacement Stock Certificates
16. The Trademark Security Agreements for both Lifestyle and BusinessTalkradio.net, Inc.
17. The 2005 Financials
18. The Greenwich stock certificate, payoff letter etc (after closing of Tranche II)
19. The Landlord waivers
20. the Broker fees description
21. the Pisani certificate and
22. We discussed BTR setting up new bank accounts after the closing, but I do not know if BTR has pursued this course of action, if so, we will need a new account control agreement with the new bank.

Please let me know if you have any questions.

Thanks,

**Shanna L. Nugent**
Corporate Associate
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214)-969-4218
Fax: (214)-969-4343
snugent@akingump.com


<< File: WEST-#6008608-v1-BTR--Trademark_Security_Agreements.DOC >>  << File: WEST-#5996884-v3-BTR--Pledge_Agreement-FJL_Enterprises__Inc_.DOC >>  << File: WEST-#5996853-v1-BTR_Secretary_s_Certificate_for_FJL_Enterprises__Inc.DOC >>  << File: WEST-#5989081-v3-BTR__Form_of_Affiliate_Subordination_Agreement.DOC >>  << File: WEST-#5999136-v1-BTR--stock_certificates_with_incorrect_legend.PDF >>  << File: scan.pdf >>

IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a

"Effective October 18, 2006, the name of the firm has been changed to Seiden Wayne LLC.  In connection with the name change, our email addresses will now be  changed to  ---@seidenwayne.com (using the same prefix) and our website is www.seidenwayne.com.  If you use our existing email addresses, your message will be forwarded to us, but please update your records to ensure our timely receipt of your correspondence.  You may still contact us at the same telephone and facsimile numbers."

The information contained in this Electronic mail message is attorney privileged and confidential information intended only for the use of the individual or entity named above. Such information also is intended to be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone.

IRS CIRCULAR 230 DISCLOSURE:

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. tax advice contained in this communication (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of
(i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

http://www.seidenwayne.com/

IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a

IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a

**From:**   Dale Norton [den@barkercap.com]
**Sent:**    Monday, August 11, 2008 12:18 PM
**To:**       Timothy Olson
**Subject:** FW: BTR Post Closing

**From:** Turinas, Alice [mailto:ATURINAS@seidenwayne.com]
**Sent:** Friday, January 19, 2007 4:36 PM
**To:** Nugent, Shanna
**Cc:** Dale Norton; mmetter@businesstalkradio.net
**Subject:** RE: BTR Post Closing

Shanna, As we discussed, I've marked in black what appears to be the current status. By Monday morning, Akin will likely have at least a pdf / fax of items other than 3, and the financial-oriented items.
1.  Need original Lazauskas spousal consent  SW: Our records show this as recently sent to Akin; Akin to check and confirm
2.  Missing stock certificates with updated legends  SW: In process, then to BTR for signature, so ETA Dallas end of next week
3.  stock powers for each stock certificate  SW: Would need to go to individual guarantors (about 12 from 4 individuals), so will take some time
4.  BusinessTalkradio.net, Inc. consent--missing Pisani's signature-- AG:  Received Pisani's signature
5.  Greenwich Broadcasting company consent--missing Pisani's signature--AG:  Received Pisani's signature
6.  missing specimen stock certificate exhibit B on consent for BTR West II, Inc.  SW: Akin will have a pdf by Mon. am
7.  missing specimen stock certificate exhibit B on consent for BTR Communications Boston, Inc. SW: Akin will have a pdf by Mon. am
8.  missing specimen stock certificate exhibit B on consent for BTR Greenwich, Inc.--SW: Akin will have a pdf by Mon. am
9.  need secretary's signature on Bylaws for BTR Greenwich, Inc.--AG:  Received
10.  BTR Greenwich Inc. consent--missing Pisani's signature AG:  --Received Pisani's Sig
11.  Need Certificate of Incorporation and Bylaws for FJL Enterprises --AG:  Received Certificate of Incorp.
12.  Need 2005 Audited Financials for Borrower
13.  Need Call option certificate (I do not have the final form, or a signature pages) SW: Akin will have a pdf by Mon. am
14.  Need Balance Sheet--and officer cert. certifying balance sheet
15.  Missing landlord waivers--please update on status  SW: No update; will discuss with BTR
16.  Need original signatures for Tranche II Officer Certificate  SW: Akin will email the form, and we'll get it to BTR for multiple original signatures; Akin has a fax signature
17.  Need original signatures for Tranche II Payoff Letter--AG:  Received Metter's Signature
18.  Need original signatures for Tranche II Mutual Release ---AG:  Received
19.  Need original signature for Tranche II Post closing agreement  SW: Will send with other documents by Tuesday to BTR for signature; Akin has a fax signature
20.  Also, please update on new bank accounts.  SW: Need to be updated by BTR
**Alice W. Turinas**
Counsel
Seiden Wayne LLC
Two Penn Plaza East
Newark, NJ 07105
(973) 491-3514
fax (973) 491-3487
aturinas@seidenwayne.com
(Please note new email address)

"Effective October 18, 2006, the name of the firm has been changed to Seiden Wayne LLC.  In connection with the name change, our email addresses will now be  changed to  ---@seidenwayne.com (using the same prefix) and our website is www.seidenwayne.com.  If you use our existing email addresses, your message will be forwarded to us, but please update your records to ensure our timely receipt of your correspondence.  You may still contact us at the same telephone and facsimile numbers."

The information contained in this Electronic mail message is attorney privileged and confidential information intended only for the use of the individual or entity named above. Such information also is intended to be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone.

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

http://www.seidenwayne.com/

**Gorycki, Kara L.**

| | |
|---|---|
| **From:** | Dale Norton [den@barkercap.com] |
| **Sent:** | Monday, August 11, 2008 12:18 PM |
| **To:** | Timothy Olson |
| **Subject:** | FW: BTR Post Closing |

**From:** Turinas, Alice [mailto:ATURINAS@seidenwayne.com]
**Sent:** Friday, January 26, 2007 1:53 PM
**To:** Nugent, Shanna
**Cc:** Dale Norton
**Subject:** RE: BTR Post Closing

Shanna, The items noted below will be overnighted to you for Saturday delivery. --Alice Turinas
1.  Need original Lazauskas spousal consent --MISSING  SW: Sending again 1/26
2.  Missing stock certificates with updated legends --MISSING  SW: Sending 1/26
3.  stock powers for each stock certificate --MISSING  SW: Will take some time to distribute and collect
4.  Complete
5.  Complete
6.  missing specimen stock certificate exhibit B on consent for BTR West II, Inc.  --MISSING --promised by Monday  SW: Sending temporary 1/26
7.  missing specimen stock certificate exhibit B on consent for BTR Communications Boston, Inc.  --MISSING --promised by Monday SW: Sending temporary 1/26
8.  missing specimen stock certificate exhibit B on consent for BTR Greenwich, Inc.-- --MISSING --promised by Monday SW: Sending 1/26
9.  Complete
10.  Complete
11.  Need Bylaws for FJL Enterprises --MISSING.  SW: Have requested twice from FJL Enterprises; will ask BTR to follow up with FJL
12.  Need 2005 Audited Financials for Borrower
13.  Need  original Call option certificate --MISSING Original SW: Sent Friday, Jan. 19, so Complete
14.  Need Balance Sheet-- --MISSING --promised by Monday
15.  Missing landlord waivers----MISSING --promised by Monday SW: Not promised by Monday
16.  Need original signatures for Tranche II Officer Certificate  --MISSING Original SW: Sending 1/26
17.  Complete
18.  Complete
19.  Need original signature for Tranche II Post closing agreement  MISSING Original SW: Sending 1/26
20.  Also, please update on new bank accounts.  any updates? SW: No update yet

**Alice W. Turinas**
Counsel
Seiden Wayne LLC
Two Penn Plaza East
Newark, NJ 07105
(973) 491-3514
fax (973) 491-3487
aturinas@seidenwayne.com
(Please note new email address)

**From:** Nugent, Shanna [mailto:snugent@AkinGump.com]

**Sent:** Monday, January 22, 2007 6:39 PM
**To:** Turinas, Alice
**Cc:** Dale Norton
**Subject:** FW: BTR Post Closing

Alice,

I have not received the items below that state that I should have received them by today except for the call option.  Do you have a status?

Please update the below on the date on which I will receive the original copies of each.

Thanks,

**Shanna L. Nugent**
Corporate Associate
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214)-969-4218
Fax: (214)-969-4343
snugent@akingump.com

---

**From:** Turinas, Alice [mailto:ATURINAS@seidenwayne.com]
**Sent:** Friday, January 19, 2007 4:36 PM
**To:** Nugent, Shanna
**Cc:** Dale Norton; mmetter@businesstalkradio.net
**Subject:** RE: BTR Post Closing

Shanna, As we discussed, I've marked in black what appears to be the current status. By Monday morning, Akin will likely have at least a pdf / fax of items other than 3, and the financial-oriented items.
1.  Need original Lazauskas spousal consent  --MISSING
2.  Missing stock certificates with updated legends  --MISSING
3.  stock powers for each stock certificate  --MISSING
4.  Complete
5.  Complete
6.  missing specimen stock certificate exhibit B on consent for BTR West II, Inc.  --MISSING --promised by Monday
7.  missing specimen stock certificate exhibit B on consent for BTR Communications Boston, Inc.  --MISSING -- promised by Monday
8.  missing specimen stock certificate exhibit B on consent for BTR Greenwich, Inc.-- --MISSING --promised by Monday
9.  Complete
10.  Complete
11.  Need Bylaws for FJL Enterprises  --MISSING.
12.  Need 2005 Audited Financials for Borrower
13.  Need  original Call option certificate  --MISSING Original
14.  Need Balance Sheet-- --MISSING --promised by Monday
15.  Missing landlord waivers----MISSING --promised by Monday
16.  Need original signatures for Tranche II Officer Certificate   --MISSING Original
17.  Complete
18.  Complete
19.  Need original signature for Tranche II Post closing agreement  MISSING Original
20.  Also, please update on new bank accounts.   any updates?

IRS Circular 230 Notice Requirement: This communication is not given in the form of

**The information contained in this** e-mail message is intended only for the personal a