


**COHN | BIRNBAUM | SHEA**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

HARTFORD • WESTPORT • NEW YORK

100 PEARL STREET
HARTFORD, CONNECTICUT 06103-4500
TELEPHONE 860 • 493 • 2200
FACSIMILE 860 • 727 • 0361

Scott D. Rosen, Esq.
srosen@cb-shea.com

August 19, 2008

*Sent via Facsimile: (212)805-7917*
The Honorable Robert P. Patterson, Jr.
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street – Room 2550
New York, NY 10007



Re:   BC Media v. Lazausks – Civil Action No. 1:08-CV-6228 RPP

Dear Judge Patterson:

**MEMO ENDORSED**

I represent the Defendants in this civil action. I am writing to request permission to file a sur reply in connection with Plaintiff's Motion for Summary Judgment. The reasons for this request are as follows:

1.   The Plaintiff commenced this action in the Supreme Court by motion for summary judgment in lieu of complaint. Defendants filed their Notice of Removal on July 9, 2008. On August 6, 2008, the Defendants filed their opposition papers to the Plaintiff's Motion for Summary Judgment. On August 13, 2008, the Plaintiff filed a Reply Memorandum of Law and three new declarations, together with seven new exhibits (collectively the "Plaintiff's Reply").

2.   As I was on vacation last week, I did not have an opportunity to review the Plaintiff's Reply until yesterday, August 18, 2008. My clients will require several more days to review the Plaintiff's Reply.

3.   My preliminary review of the Plaintiff's Reply shows that the Reply Declaration of Dale E. Norton, III ("Norton Reply Declaration") and the Reply Declaration of Timothy P. Olson ("Olson Reply Declaration") go well beyond rebuttal of the Defendant's opposition. The Norton Reply Declaration alleges, for the first time, the existence of additional and different events of default, which were not included in the Plaintiff's moving papers (Norton Declaration ¶10). The Norton Reply Declaration attempts to explain and interpret financial data which will likely require expert testimony to explain and rebut.

4.   The Olson Reply Declaration similarly alleges, for the first time, different and additional covenant defaults from those contained in the Plaintiff's moving papers (Olson Declaration ¶8).

**COHN | BIRNBAUM | SHEA**

The Honorable Robert P. Patterson, Jr.
August 19, 2008
Page 2

    5.    In addition, the Plaintiff's Reply Memorandum of Law raises legal issues pertaining to the parol evidence rule, duress, bad faith and the interpretation of certain contractual language.

    6.    As I have argued in my opposition papers, this is not an appropriate matter for motion for summary judgment in lieu of complaint. The new factual matters alleged in Plaintiff's Reply serves to highlight the inappropriateness of summary judgment at this stage of the proceedings. The Plaintiff's Reply raises factual and legal issues regarding, among others, the interpretation of the borrower's financial history and financial projections, the creation and applicability of financial covenants in the loan documents, and the existence of bad faith, duress and fraud in the inducement by the Plaintiff. It is becoming a "trial by affidavit."

    7.    The Defendants will be unfairly prejudiced if they are not permitted to respond to the new and additional factual allegations made by the Plaintiff and the issues of law raised by the Plaintiff for the first time in its reply papers. In light of the new factual allegations and issues of law, the Defendants reserve their right to include in their sur reply an affidavit and request under Federal Rule of Civil Procedure 56(f) to deny the Motion for Summary Judgment, order a continuance for discovery to proceed, or such other relief.

    8.    As the Plaintiff continues to receive timely payments of principal, interest and other charges at the contract rate, any delay caused by the filing of a sur reply will not unfairly prejudice the Plaintiff.

    Based on the foregoing, the Defendants respectfully request permission to file a sur reply on or before August 29, 2008.

    Plaintiff's counsel, Kara Gorycki, does not consent to the relief requested herein.

    Thank you for your consideration in this matter.

                                            Very truly yours,

                                            Scott D. Rosen

SDR/clm
Enclosure
cc:   Kara Lynn Gorycki – *Via Facsimile:* 212-294-4700

*[Handwritten note:] Application Denied. If Plaintiff have raised new issues in their Reply papers, or new claims of Default, this Court will not consider them. Reply papers. So ordered. Robert P Patterson USDJ 8/19/08*

142252-08790-001