UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BC MEDIA FUNDING COMPANY II and
MEDIA FUNDING COMPANY,

                        Plaintiffs            08 CV 6228 (RPP)
     - against -

                                              **OPINION AND ORDER**

FRANK LAZAUSKAS, MICHAEL L. METTER,
LEONARD F. MOSCATI and B. MICHAEL PISANI,

                        Defendants.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       On July 3, 2008, Plaintiffs BC Media Funding II, LLC and Media Funding Company, LLC ("Plaintiffs") commenced this action by filing a motion for summary judgment in lieu of complaint in New York State Supreme Court, New York County. See N.Y.C.P.L.R. § 3213. Defendants Frank Lazauskas, Michael L. Metter, Leonard F. Moscati, and B. Michael Pisani ("Defendants" or "Guarantors") filed a Notice of Removal pursuant to 28 U.S.C. §1441 on July 9, 2008.

       The action sought to enforce individual Guaranty Agreements made by Defendants in connection with a Financing Agreement in which Media Funding Company, LLC ("Media Funding") agreed to extend term loans to BusinessTalkradio.net, Inc. ("BTR") in the aggregate principal amount of $5.5 million. The Guaranty Agreements were between BC Media Funding Company II ("BCMF") and the Defendants. The Court granted Plaintiffs' motion in an Opinion and Order dated October 24, 2008 and entered a Final Judgment for Plaintiffs on October 31, 2008.

1

Currently before the Court are two motions brought by Plaintiffs: (1) a motion for an order pursuant to Fed. R. Civ. P. 21 to drop Media Funding Company LLC as a Plaintiff in this case and removing it from the Judgment, and (2) a motion for an order authorizing registration of Judgment in favor of BCMF in the Districts of Connecticut and New Jersey. For the reasons that follow, Plaintiffs' motions are granted.

I. **PLAINTIFFS' MOTION FOR AN ORDER PURSUANT TO FED. R. CIV. P. 21 DROPPING PLAINTIFF MEDIA FUNDING COMPANY LLC FROM THIS CASE AND FROM THE JUDGMENT[1]**

   a. **Background**

In their Removal Notice of July 9, 2008, Defendants certified, through their counsel Scott Rosen, that "[t]he controversy in this action is wholly between citizens of different states." (Declaration of Kara L. Gorycki, executed December 17, 2008 ("Gorycki Decl.") Ex. A., Notice of Removal, ¶ 5). Defendants' Removal Notice indicates that two of the Defendants, Michael Metter and Leonard Moscati, are residents of Connecticut, while a third, B. Michael Pisani, is a resident of New Jersey. It further states that "defendant Frank Lazauskas at all relevant times has been and is an individual citizen and resident of the State of Connecticut." (Id. ¶ 5(b).)

Defendants' Removal Notice stated that both Plaintiffs Media Funding and BCMF were Delaware limited liability companies with their principal places of business

---

[1] Defendants argue in a footnote that this Court may not address this motion during the pendency of the appeal. However, the Second Circuit has recognized that there is no *per se* rule mandating that, when an appeal is pending, the district court be divested of jurisdiction to entertain motions directed at a judgment. See U.S. v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996). Moreover, the Second Circuit has noted that "parties may be added or dropped at any time, including after trial, after notice of appeal has been filed, or even on appeal." Handelsman v. Bedford Village Assoc. Ltd. Partnership, 213 F.3d 48, 53 (2d Cir. 2000) (internal citations omitted). The divestiture of a district court's jurisdiction is "rooted in the interest of judicial economy, designed to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." Id. (internal citations omitted.) Here, judicial economy would best be served by a ruling from this Court on the Fed. R. Civ. P. 21 motion rather than waiting for a possible remand. See Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 224 F.3d 139, 141-42 (2d Cir. 2000) (remanding to district court for determination as to diversity jurisdiction).

in New York.  (Id. ¶ 5(e), ¶ 5(f).)  Defendants' basis for removal was diversity of citizenship in that the Court has "original jurisdiction of the…action pursuant to 28 U.S.C. § 1332" because "none of the Defendants are citizens or residents of the State of New York."

On December 11, 2008, subsequent to entry of Judgment, Plaintiffs' counsel received a letter from Craig Hilliard of the New Jersey law firm of Stark & Stark P.C., as new counsel to Defendant Frank Lazauskas, stating that Media Funding is a limited liability company and under the law is treated like a partnership for purposes of determining citizenship.  (Gorycki Decl. Ex. B.)  See, e.g., Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 54 (2d Cir. 2000) (limited liability company has citizenship of its membership).  Upon review of the case law and residences of Media Funding's principals, Plaintiffs agreed.  (Plaintiffs' Memorandum of Law in Support of Motion for An Order Pursuant to Fed. R. Civ. P. 21, dated December 17, 2008 ("Plaintiffs' Mem."), page 2.)  The parties now agree that Media Funding is to be treated as a New Jersey citizen and that complete diversity between the parties does not exist.[2]  (See Declaration of Jacob Barker ("Barker Decl."), executed December 16, 2008, ¶ 4.)

Plaintiffs seek to drop Media Funding from this action and from the Judgment.  The remaining Plaintiff, BCMF, is a New York citizen because it has only one member, Jacob Barker, who is a resident of New York. (Barker Decl. ¶ 2.)  Plaintiffs assert that the Court should drop Media Funding as a party to this action pursuant to Fed. R. Civ. P. 21

---

[2] Contrary to the representation in Defendants' Removal Notice that he resided at 1290 Dayton Avenue in Greenwich, Connecticut, Mr. Hillard's letter states that Mr. Lazauskas is a citizen of New Jersey.  However, regardless of Mr. Lazauskas' actual state of residence, by virtue of Mr. Pisani's New Jersey citizenship, complete diversity was, and is, lacking in this action.

3

because BCMF could have proceeded as the sole Plaintiff in this case and Media Funding is a dispensable party.

### b. Discussion

"[I]t is well settled that Rule 21 [of the Federal Rules of Civil Procedure] invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989). Fed. R. Civ. P. 21 authorizes a district court to drop a party from an action "at any time, [and] on just terms," and the Supreme Court has noted that resort to Rule 21 is particularly appropriate where the parties have proceeded through summary judgment or trial before the jurisdictional defect is detected. See id. at 836. Prior to exercising its authority under Rule 21, the Court must determine (1) if BCMF had standing to proceed as the sole Plaintiff in this case and (2) if Media Funding is a dispensable party.

### i. BCMF had standing to proceed as the sole Plaintiff in this case.

Federal courts have diversity jurisdiction over controversies between "citizens of different States," 28 U.S.C. § 1332(a)(1); U.S. Const. art. III, § 2, and citizens "must be real and substantial parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460 (1980). In Oscar Gruss & Son, Inc. v. Hollander, the Second Circuit stated:

> To establish whether a plaintiff is a "real and substantial party to the controversy," a crucial distinction must be made between a plaintiff who sues *solely* in his capacity as an agent, on the one hand, and, on the other, a plaintiff who sues *not only as an agent, but also as an individual who has his own stake in the litigation*. Hollander correctly notes that where a plaintiff brings a suit *solely* in his representative capacity, the citizenship of the represented party, and not that of the representative, controls.

4

337 F.3d 186, 194 (2d Cir. 2003) (emphasis added); see also Airlines Reporting Corp. (ARC) v. S & N Travel, Inc., 58 F.3d 857, 862 (2d Cir. 1995) (no diversity where ARC was acting solely as an agent and (1) did not seek to protect any of its own corporate interests; (2) did not suffer any corporate damage or pecuniary loss; and (3) did not lay claim to any portion of the potential recovery).

In Oscar Gruss & Son, Inc., the court found that because the plaintiff had retained 11.53% interest in the options at issue, plaintiff was not proceeding solely as "a mere conduit." Moreover, the Oscar Gruss & Son, Inc. court found probative the fact that the agreement at issue gave the plaintiff express power to act on behalf of the other stakeholders, including the power to enforce the rights under the agreement through litigation. Hollander, 337 F.3d at 194-95.

In this case, the Guarantees, which form the basis of this lawsuit, were executed as between BCMF and each Defendant, who "irrevocably, absolutely, and unconditionally [guaranteed] to the Agent for the benefit of the Lender" all sums payable under the various loan documents. (Olson Aff., Ex. C.) The Guarantees further state that "[i]f Borrower shall for any reason fail to pay any of the Guaranteed Obligations…Guarantor will...pay such Guaranteed obligation in full to the Agent for the benefit of the Lender." (Id.) Since the Guarantees at issue were obligations by Defendants to BCMF, not Media Funding, the right of enforcement lies with BCMF. It follows that BCMF is "the master of the litigation." See Transcon. Oil Corp. v. Trenton Prods. Co., 560 F.2d 94, 103 (2d Cir. 1977).

Here, not only does BCMF have the contractual right and responsibility under the Guaranty Agreements to enforce the rights under the loan documents, including the right

to initiate litigation, but BCMF also has a financial stake in the Judgment.  First, BCMF has a contractual right to an administrative servicing fee of $2,300 per month from the borrower, the collection of which was guaranteed by the Defendants.  (See Barker Decl. ¶ 3; see also Olson Aff. Ex. A., Financing Agreement, Section 2.06.)    The Judgment amount includes loan servicing fees that were not paid by the borrower and thus covered by Defendants' Guarantees.  (Norton Supp. Decl., Ex. A.)  Second, BCMF has, under a pre-existing arrangement with Media Funding, a right to receive for its own account a portion of the interest due under the loans.  (Barker Decl. ¶ 3.)  That Media Funding, as the lender, also has a substantial interest in this case, and lays claim to a greater proportion of the Judgment, does not affect BCMF's ability to have sufficient standing for diversity jurisdiction purposes.  "[W]here multiple parties all have a financial interest in a lawsuit, a strategic choice of parties in order to maintain diversity is not considered to be collusive so long as the party chosen to bring the suit is in fact the master of the litigation." Transcon. Oil Corp., 560 F.2d at 103.

### ii.  Media Funding is a dispensable party.

Prior to exercising discretion to drop a party under Fed. R. Civ. P. 21, the Court should determine whether the party to be dropped is indispensable under Fed. R. Civ. P. 17, considering such factors as: 1) to what extent a party's absence might be prejudicial to that party, or to the other parties; 2) the extent to which any prejudice can be avoided; 3) whether a judgment rendered in the party's absence will be adequate; and 4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Kunica v. St. Jean Fin., Inc., 63 F. Supp. 2d 342, 350 (S.D.N.Y. 1999) (citing Jaser v. N.Y. Prop. Ins. Underwriting Ass'n, 815 F.2d 240, 243 (2d Cir. 1987)).  Defendants

removed this case to federal court, asserting diversity, and have been adjudicated liable in this case. They had a full and fair opportunity to be heard prior to entry of Judgment, so there can be no prejudice to Defendants. Likewise, dropping Media Funding will not prejudice Media Funding or impair its remedy; BCMF can enforce the Judgment by collecting the full amount and then allocating the amounts due to Media Funding in accordance with the loan documents, pursuant to its duty as Agent. (See Olson Aff., Ex. A, Financing Agreement, Section 9.01(vi).)

For the foregoing reasons, BCMF was the master of this litigation and is a real and substantial party to the controversy, see Navarro, 446 U.S. at 460, and Media Funding is a dispensable party. Accordingly, Media Funding is dropped from this case, and its name removed from the Judgment dated October 31, 2008, pursuant to Fed. R. Civ. P. 21.

### II. PLAINTIFFS' MOTION FOR AN ORDER AUTHORIZING REGISTRATION OF JUDGMENT IN THE DISTRICTS OF CONNECTICUT AND NEW JERSEY

28 U.S.C. § 1963 provides that "[a] judgment in an action for the recovery of money or property entered in any…district court" may be registered for enforcement in another judicial district "when the judgment has become final by appeal or expiration of the time for appeal *or when ordered by the court that entered the judgment for good cause shown.*" (emphasis added.) "'Good cause' is established upon a mere showing that the party against whom the judgment has been entered has substantial property in the other foreign district and insufficient property in the rendering district to satisfy the

judgment.'" Owen v. Soundview Fin. Group, Inc., 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999) (internal citation omitted).

Here, Defendants have provided Plaintiff with financial statements indicating that each of them owns real property that has substantial value in the Districts of Connecticut or New Jersey and could be used to satisfy the Judgment. (See Declaration of Timothy P. Olson dated December 4, 2008, Exs. A-D.) Moreover, Defendants' financial statements disclose no real property owned by Defendants that is located in New York, see id., and Plaintiffs have not been able to locate any through investigation. (See Declaration of Matthew M. Riordan, executed on December 29, 2008, ¶¶ 1-9.)

Thus, good cause exists and Plaintiff is authorized to register the Judgment dated October 31, 2008 in the federal districts of Connecticut and New Jersey.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Media Funding is dropped from this case and its name removed from the Judgment pursuant to Fed. R. Civ. P. 21, and Plaintiff BCMF is authorized to register the Judgment dated October 31, 2008 in the Districts of Connecticut and New Jersey.

IT IS SO ORDERED.
Dated: New York, New York
February 6, 2009

Robert P. Patterson, Jr.
U.S.D.J.

8

***Copies of this Opinion & Order faxed to:***

**For Plaintiff:**
Attn:   Anthony DiSarro
          Kara Lynn Gorycki
Winston & Strawn LLP
200 Park Avenue
New York, NY   10166
Tel:   (212) 294-4687
         (212) 294-5333
Fax:   (212) 294-4700

**For Defendants:**
Scott David Rosen
Cohn Birnbaum & Shea P.C.
100 Pearl Street
Hartford, CT   06103
Tel:   (860) 493-2200
Fax:   (860) 727-0361