UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BC MEDIA FUNDING COMPANY II,

                Plaintiff,                            08-CV-06228 (RPP)

               - against -                          DECLARATION

FRANK LAZAUSKAS, MICHAEL L. METTER,
LEONARD F. MOSCATI AND B. MICHAEL
PISANI,
                Defendants.

## DECLARATION OF MATTHEW RIORDAN IN SUPPORT
## OF PLAINTIFF'S TURNOVER MOTION

Matthew M. Riordan, Esq., pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury that the foregoing is true and correct:

1. I am associated with the firm Putney, Twombly, Hall & Hirson LLP, attorneys for Plaintiff, BC Media Funding Company II, and am fully familiar with the facts and circumstances set forth herein.

2. I submit this declaration in support of Plaintiff's motion for turnover of certain assets of the judgment debtors Frank Lazauskas, Michael Metter, and Leonard Moscati.

3. On October 10, 2008, this Court heard Oral Argument of the Plaintiff's summary judgment motion. At that argument, the Court announced form the bench that "I'm going to grant the motion. Opinion will follow. I'll ask the plaintiff to submit an order." The relevant portion of the transcript is attached hereto as **Exhibit A.**

4. On October 24, 2008, this Court issued an Opinion granting summary

judgment to the Plaintiff and against, among others, Defendants Frank Lazauskas, Michael Metter, and Leonard Moscatti was issued. A Final Judgment (the "Judgment") was subsequently issued on October 30, 2008. Copies of the Opinion and Judgment are attached hereto as **Exhibit B**.

5. The Judgment entered was for $5,511,790.11, together with interest thereon, of which $5,365,942.50 remains unpaid and unsatisfied. The judgment debtors are jointly and severally liable for the Judgment.

6. On January 9, 2009, the Plaintiff served an Information Subpoena and Restraining Notice on Ladenburg Thalmann & Co. ("Ladenburg"), an investment bank and stock brokerage firm located in New York City. The Information Subpoena served on Ladenburg sought information concerning any accounts of the four (4) Judgment Debtors maintained at Ladenburg. The Restraining Notice required Ladenburg to "freeze" any accounts in which the four Judgment Debtors had an interest.

7. In response to the January 9, 2009, Restraining Notice, Ladenburg froze certain accounts, including account no. NJ5000825, maintained in the name of Respondent Frank Lazauskas, and Account no. NJ5001074, maintained in the name of Respondent Jean Lazauskas. Respondents Frank Lazauskas and Jean Lazauskas are husband and wife. A copy of Ladenburg's response to the information subpoena is attached hereto as **Exhibit C**.

8. Ladenburg also froze account no. NJ5 000817, maintained in the name of Michael Metter.

9. On February 23, 2009, Respondent Frank Lazauskas moved this Court for an order restraining judgment execution against the Ladenburg account of Respondent

Jean Lazauskas on the grounds that Respondent Jean Lazauskas was not a named Defendant in the underlying action.

10. The parties agreed to stay Respondent Frank Lazauskas' Motion, pending certain discovery from Ladenburg. A Stipulation to that effect was executed and so ordered by the Court on March 10, 2009. A copy of the stipulation is attached hereto as **Exhibit D**.

11. In response to a document subpoena served by Plaintiff, Ladenburg produced certain documents regarding the accounts of Respondents Frank and Jean Lazauskas. Certain of those documents revealed that all of the assets in the Ladenburg account of Jean Lazauskas were transferred there from the Ladenburg account of Frank Lazauskas, after this court granted summary judgment to the Plaintiff. Copies of the relevant documents are attached hereto as **Exhibit E**.

12. Frank Lazauskas maintains authority as agent to trade the securities in his wife's account. **Exhibit F.**

13. Plaintiff also served an Information Subpoena and Restraining Notice on Charles Schwab. Charles Schwab responded that it held certain accounts of Leonard F. Moscatti, including account no. 4198-2524. (Certain additional accounts of Leonard F. Moscati held by Schwab are, for reasons unrelated to this motion, not susceptible to seizure.) A letter from Schwab describing the Moscati account is attached hereto as **Exhibit G.**

Dated: June 12, 2009
       New York, New York

Matthew M. Riordan (MR 4347)
PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue
New York, New York 10175
(212) 682-0020
*Attorneys for BC Media Funding Company II*

H:\MMR\BC Media\Legal\Declaration of MMR turnover motion 6.12.09.doc