**STARK&STARK**
A PROFESSIONAL CORPORATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/09

ATTORNEYS AT LAW

OFFICE: 993 LENOX DRIVE LAWRENCEVILLE, NJ 08648-2389

MAILING: PO BOX 5315 PRINCETON, NJ 08543-5315

Craig S. Hilliard
DIRECT DIAL NUMBER
609-895-7346
DIRECT FAX NUMBER
609-895-7395
E-MAIL
chilliard@stark-stark.com

609-896-9060 (PHONE)    609-896-0629 (FAX)

WWW.STARK-STARK.COM

*MEMO ENDORSED*

RECEIVED
NOV 16 2009
CHAMBERS OF
JUDGE ROBERT P. PATTERSON

November 16, 2009

*via e-filing and telecopier*

Hon. Robert P. Patterson, Jr., U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 2550
New York, NY 10007

Re:    **BC Media Funding Company II, et al v. Frank Lazauskas, et al**
       Civil Action No. 08-cv-6228 RPP

Dear Judge Patterson:

This Firm represents defendant, Frank Lazauskas. I write jointly with Scott D. Rosen, who is counsel of record for all of the named defendants (and, with me, co-counsel to Mr. Lazauskas). I am writing to respectfully request that the Court schedule a settlement conference, with clients present and at the Court's earliest opportunity, to resolve an unfortunate impasse in a settlement which was documented many months ago.

In October 2008, this Court entered a judgment against all defendants for $5,511,790.11. The judgment was based on defendants' written guaranties of a loan by plaintiffs to non-defendant Businesstalkradio.net, Inc. ("BTR"). In April 2009, this Court granted plaintiffs' motion seeking $202,475.62 in attorneys' fees (even though the matter was resolved at the outset on a summary judgment motion, without any discovery or other proceedings). Accordingly, the amended judgment totaled $5,714,265.73.

Two months later, in June 2009, the parties signed a written settlement agreement, which essentially provided for the payment by BTR to plaintiffs of $6 million in several installments, consisting of an initial payment of $2 million, and $1 million installments due July 1st, August 1st, September 1st and October 1st. In exchange for these payments, plaintiffs agreed to a complete release of all of the defendants on their guaranty obligations. The initial down payment of $2 million was made to plaintiffs, and the July 1st, August 1st and September 1st installment payments were also made. Thus, by the beginning of October, $5 million of the $6 million settlement consideration had been paid. In each instance, the installment payments were not timely made under the terms of the written settlement agreement. However, in each and every instance, plaintiffs accepted the late installment payments (which were sometimes several weeks past the due date).

[Handwritten margin note: Application granted. Schedule this conference. So ordered. RPP 11/16/09]

PRINCETON • PHILADELPHIA • MARLTON • NEW YORK • NEWTOWN

# STARK&STARK
A PROFESSIONAL CORPORATION

Hon. Robert P. Patterson, Jr., U.S.D.J.
November 16, 2009
Page 2

Most recently, the defendants learned that BTR had not made the final installment payment by October 1st. As they had in the past months when installment payments were late, plaintiffs' counsel issued a letter purporting to declare a default under the settlement agreement. They also wrote to the Court, requesting that their prior motion (filed in June 2009 but never ruled on because of the settlement) seeking the liquidation of over $1 million in securities still frozen under Marshal's executions and a separate Stipulation & Order be restored to the calendar for a decision. That request was granted.

Both Mr. Rosen and I contacted plaintiffs' counsel a few weeks ago, and proposed that the defendants be allowed to voluntarily liquidate the securities in the frozen accounts to satisfy the remaining $1 million owed under the settlement agreement. Despite the fact that plaintiffs had repeatedly accepted late payments under the settlement in past months, plaintiffs' counsel surprisingly refused to accept the offer to pay the remaining $1 million in this fashion. Instead, plaintiffs now claim that they will only accept a sum substantially above $1 million to conclude the settlement, because of claims for more attorneys' fees and costs. We were advised that plaintiffs intend to make yet another application to the Court seeking to amend the judgment and increase it by some $1 million for additional attorneys' fees and costs.

Under these circumstances, defendants respectfully request a conference with the Court to address these issues and hopefully bring the settlement to a conclusion. If our request for a conference is granted, we further ask that the Court not rule on the pending turnover motion (Docket # 76 and #90) until the conference is held.

We appreciate the Court's consideration of this request.

Respectfully,

STARK & STARK
A Professional Corporation

By: _____
      CRAIG S. HILLIARD
CSH/blj
cc:   Matthew M. Riordan, Esq. (via e-mail)
      Scott D. Rosen, Esq. (via e-mail)
      Frank Lazauskas