## PUTNEY, TWOMBLY, HALL & HIRSON LLP

DANIEL F. MURPHY, JR.
MICHAEL T. McGRATH
THOMAS A. MARTIN
WILLIAM M. POLLAK
JAMES E. McGRATH, III
CHRISTOPHER M. HOULIHAN
THOMAS M. LAMBERTI
STEPHEN J. MACRI
HARVEY I. SCHNEIDER
MARY ELLEN DONNELLY
JOSEPH B. CARTAFALSA
GEOFFREY H. WARD
ANDREA HYDE
E. PARKER NEAVE
MARK A. HERNANDEZ
JAMES M. STRAUSS
PHILIP H. KALBAN
SEAN H. CLOSE
LANSING R. PALMER
JEROME P. COLEMAN
BARBARA M. MAISTO

ESTABLISHED 1866
COUNSELORS AT LAW
521 FIFTH AVENUE
NEW YORK, NEW YORK 10175
(212) 682-0020
TELEFAX: (212) 682-9380
PUTNEYLAW.COM

120 WOOD AVENUE SOUTH
SUITE 600
ISELIN, NEW JERSEY 08830
(732) 632-2505
TELEFAX: (732) 632-2506

1205 FRANKLIN AVENUE
GARDEN CITY, NY 11530
(516) 746-0070
TELEFAX: (516) 746-0599

2500 NORTH MILITARY TRAIL
SUITE 200
BOCA RATON, FLORIDA 33431
(800) 935-8480
TELEFAX: (561) 613-4100

COUNSEL
CHARLES J. GROPPE
ALEXANDER NEAVE
DUSTAN T. SMITH

SPECIAL COUNSEL
JUDITH M. BANDLER

December 18, 2009

**Via ECF and**
**FACSIMILE (212)805-7917**
Hon. Robert P. Patterson, Jr.
U.S. District Judge
Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

    Re:    **BC Media Funding Company II v. Frank Lazauskas,**
            **Michael L. Metter, Leonard F. Moscati and B. Michael Pisani**
            **SDNY 08-CV-06228 (RPP)**

Dear Judge Patterson:

      This firm represents BC Media Funding Company II ("BC Media") in the above-referenced matter with respect to its post judgment collection efforts.

      On December 4, 2009, the parties appeared before the Court for a settlement conference. At that conference the parties agreed to a settlement, and agreed that the funding for the settlement was to come from the liquidation of certain brokerage accounts controlled by the Defendants and subject to a restraining notice served by the Plaintiff. The parties further agreed to submit a proposed order to the Court requiring the orderly liquidation of those accounts. I write to request that the Court issue such an order. The parties have negotiated a proposed order, a copy of which is submitted herewith.

                                          Respectfully submitted,

                                          Matthew M. Riordan

MMR/dj
Attachment

    cc:    Scott D. Rosen, Esq. (via ECF and facsimile 860-727-0361)
            Craig Hilliard, Esq.(via ECF and facsimile 609-896-0629)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BC MEDIA FUNDING COMPANY II, <br><br> Plaintiff, <br><br> vs. <br><br> FRANK LAZAUSKAS, MICHAEL L. METTER, LEONARD F. MOSCATI, B. MICHAEL PISANI, <br><br> Defendants. | CIVIL ACTION NO. No. 1:08-cv-06228-RPP <br> Hon. Robert P. Patterson <br> ECF Case <br><br> **ORDER ON CONSENT RESOLVING PENDING MOTION FOR TURNOVER OF ASSETS AND DIRECTING LIQUIDATION OF CERTAIN ASSETS** |

THIS MATTER having been opened to the Court at a settlement conference on December 4, 2009; and the parties having reported to the Court that they had reached a full and final settlement of all remaining disputes between them, the terms of which were placed on the record on December 4, 2009; and it further appearing that in connection with that settlement, the parties agreed to submit this Consent Order directing the liquidation of certain securities held by Ladenburg Thalmann & Co. Inc. ("Ladenburg") which are the subject of both a Stipulation entered by this Court on March 10, 2009 (Docket # 63)(the "Stipulation") and restraining notices served on Ladenburg and others; and it further appearing that BC MEDIA FUNDING COMPANY II ("Plaintiff") filed a motion for the turnover of certain assets on June 12, 2009 (Docket # 76)(the "Turnover Motion"), which sought the liquidation of certain securities accounts, including the securities held by Ladenburg under the Stipulation and by Ladenburg and Charles Schwab & Co., Inc. ("Charles Schwab") under restraining notices (the "Restrained Accounts"); and for good and sufficient cause shown,

It is on this _____ day of December, 2009,

ORDERED that the Turnover Motion is granted in part, and denied in part, as further set forth herein; and it is

FURTHER ORDERED that Ladenburg shall and is hereby authorized and directed to use commercially reasonable efforts to sell certain securities (in the sequence described in the following decretal paragraph) held in the Restrained Accounts, the proceeds of such sales to be paid to Putney, Twombly, Hall & Hirson, LLP, as the attorneys for Plaintiff, to fund the settlement. The sale of these securities shall continue until the earlier of (1) the time at which the proceeds of such sales reach $1.1 million or (2) Ladenburg shall receive written instructions directing Ladenburg to cease the liquidation and release the restraints, which instructions shall be signed by Plaintiff's counsel, Putney, Twombly, Hall & Hirson, LLP and counsel for Defendant Frank Lazauskas, Stark & Stark, and may be delivered to Ladenburg in facsimile or electronic form (as well as in hard copy by any form of manual delivery. If and when the net proceeds of the sales meet or exceed $1.1 million, Ladenburg shall cease its efforts to sell any remaining securities in any of the subject accounts, and it is

FURTHER ORDERED that the sales of such securities will proceed in the following order:

1. First, the Spongetech Delivery Systems stock in the account of Jean Lazauskas, Account # NJ5-001074,
2. If the proceeds of the foregoing account are less than $1.1 Million, then all other Restrained accounts at Ladenburg's discretion.

FURTHER ORDERED that Ladenburg shall exercise all discretion reasonable and appropriate to accomplish the sale of all securities in such a manner as to maximize the price received for each of the securities; and it is

FURTHER ORDERED that Ladenburg shall pay to plaintiff's counsel no later than January 29, 2010, the net proceeds of the sales of the securities; and it is

FURTHER ORDERED that except as permitted by the terms of this Consent Order, the restraining notices in effect on the accounts at Ladenburg, Charles Schwab & Co., Inc. ("Charles Schwab") and any other accounts listed in the Turnover Motion shall continue in full force and effect until the further Order of this Court or the agreement of the parties; and it is

FURTHER ORDERED that in all other respects, the Turnover Motion is denied without prejudice.

                                                HON. ROBERT P. PATTERSON, U.S.D.J.

PUTNEY, TWOMBLY, HALL & HIRSON LLP

By: s/Matthew M. Riordan
Matthew M. Riordan (MR 4347)
521 Fifth Avenue
New York, NY 10175
Telephone: (212) 682-0020
Facsimile: (212) 682-9380
mriordan@putneylaw.com
Attorneys for Plaintiff

COHN BIRNBAUM & SHEA P.C.

By: s/Scott D. Rosen
Scott D. Rosen (SR 1545)
100 Pearl Street – 12th Floor
Hartford, CT 06103
Telephone: (860) 493-2200
Facsimile: (860) 727-0361
srosen@cb-shea.com
Attorneys for Defendants

STARK & STARK

By: s/Craig Hilliard
Craig S. Hilliard
993 Lenox Drive
LawrenceVille, NJ 08648
Telephone: (609) 896-9060
Facsimile: (609)896-0629
chilliardAstark-stark.com
Attorneys for Frank and Jean Lazauskas